636 So.2d 634 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Kenny W. LEE, Defendant-Appellant.
No. 26542-KH.
Court of Appeal of Louisiana, Second Circuit.
May 12, 1994.
Kenny W. Lee, In pro. per.
Richard Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., for plaintiff-appellee.
Before LINDSAY, HIGHTOWER and BROWN, JJ.
Applicant, who pled guilty to possession of cocaine with intent to distribute and received a ten-year hard labor sentence, complains of the trial court's denial of his PCR petition predicated upon defense counsel's failure to file a motion to reconsider sentence.
In alleging ineffective assistance of counsel, a defendant must satisfy a two-pronged test by showing, first, his attorney's performance to be so deficient as to deny him the "counsel" guaranteed by the Sixth Amendment; and, second, that those errors are so serious as to deprive the accused of a fair trial, i.e., one with a reliable result. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail under the Strickland test, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Knighton v. Maggio, 740 F.2d 1344 (5th Cir.1984).
Applicant made no showing, or specific claims, that a motion to reconsider would have resulted in a different sentence. Indeed, it is unlikely that an ultimate change would have ensued upon compliance with LSA-C.Cr.P. Art. 881.1. Lee is a second felony offender and, at the time of his arrest, *635 was out on bond pending sentencing for a previous conviction for attempted possession of cocaine with intent to distribute, which had been reduced from a charge of possession of cocaine with intent to distribute. In connection with the offense at hand, the PSI discloses defendant being arrested in possession of rock cocaine valued at $1,500 and with cash totaling $685, though he had not been employed since 1989.
Thus, the application fails to demonstrate error in the trial court ruling.