liKNOLL, Judge.
The appeal in this criminal case involves defendant’s adjudication as a habitual offender. After conducting a contradictory hearing, the trial court held that defendant, Craig 0. Hopkins, was a second felony offender and was sentenced according to La.R.S. 15:529.1(G). Defendant appeals, relying on two assignments of error.[1]
FACTS
Defendant, after waiving his right to a jury trial, was convicted on November 17, 1993, by the trial judge of distribution of cocaine. On January 28, 1994, the ^sentencing court ordered defendant to serve 210 months at hard labor. On July 11, 1994, after that sentence was appealed, but before an appellate decision was rendered,[2] the District Attorney filed a bill of information charging defendant as a habitual offender. The two convictions that formed the basis of the habitual offender bill of information were defendant’s November 17, 1993, conviction and defendant’s earlier April 9, 1990, conviction of distribution of cocaine and conspiracy to distribute cocaine. After conducting a contradictory hearing, the trial court adjudicated defendant a second felony offender; pursuant to La.R.S. 15:529.1(G), the sentencing court vacated and set aside defendant’s 210 month sentence of January 1994, and sentenced defendant to serve 30 years at hard labor without benefit of probation or suspension of sentence.
TRIAL COURT’S JURISDICTION OVER HABITUAL OFFENDER HEARING
Defendant first contends that the trial court erred in allowing the habitual offender hearing to proceed because his latest felony conviction for distribution of cocaine was on appeal and was not yet final. He argues that the trial court lacked jurisdiction to sentence him as a habitual offender because the order of appeal was granted before the habitual offender bill of information was filed.
La.Code Crim.P. art. 916 provides in pertinent part:
*56 The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
⅜ ⅝ ⅜ ⅜ ⅜ ⅜
|3(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.
Two appellate court decisions, State v. Williams, 522 So.2d 1171 (La.App. 4 Cir.1988) and State v. Hooks, 514 So.2d 597 (La.App. 4 Cir.1987), writ denied, 567 So.2d 603 (La.1990) have directly addressed this issue. In both decisions, the Fourth Circuit held that under La.Code Crim.P. art. 916(8), the trial court retained jurisdiction to sentence the defendant as a habitual offender after the order of appeal was entered.
After carefully considering La.Code Crim.P. art. 916(8) and the appellate jurisprudence, we also find that the trial court had jurisdiction to proceed with the hearing on the habitual offender bill of information and to sentence defendant after being adjudicated a second felony offender.
Therefore we find no merit to defendant’s assignment of error.'
EXCESSIVENESS OF SENTENCE
Defendant next contends that even though his 30 year sentence was within the statutory limits, it was nonetheless constitutionally excessive.[3] He argues that the sentencing court considered his prior conviction when it first sentenced him to 210 months; thus, the sentencing court’s increased sentence after the habitual offender hearing constituted cruel and unusual punishment.
Article I, § 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Miles, 482 So.2d 938 (La.App. 3 Cir.1986), writ denied, 494 So.2d 1173 (La.1986). The sentencing court is given wide discretion in | imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983). A sentence within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
Under La.R.S. 15:529.1(A)(1), when the trial court finds that the defendant has been convicted of a prior felony, the court shall sentence him to punishment prescribed in the habitual offender law. In State v. Dorthey, 623 So.2d 1276 (La.1993), the Louisiana Supreme Court stated that the habitual offender statute does not on its face impose cruel and unusual punishment. Nevertheless, in Dorthey, the Supreme Court did state that even a minimum sentence under the habitual offender law may constitute an excessive sentence under certain circumstances.
In La.R.S. 15:529.1(A)(l)(a) it is provided that a defendant convicted of his second felony shall be sentenced for a term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. In the case sub judice, the defendant was convicted of distribution of cocaine, a violation of La.R.S. 40:967(A)(1), which provides for a term of imprisonment from 5 to 30 years. Accordingly, under La. R.S. 15:529.1(A)(l)(a) defendant was subject to receiving a sentence that ranged between 15 and 60 years. In the case sub judice, defendant’s sentence of 30 years falls within the statutory sentencing range.
Even though we find that defendant’s sentence is within the parameters provided by statute, we do not find that his sentence is so grossly disproportionate to the crime as to shock our sense of justice. In its written reasons in support of its sentencing choice, the sentencing court noted that as a juvenile, defendant was placed on supervised probation three times and that he was on parole *57 from a drug-related offense when he committed the present offense. Considering the sentencing court’s | ¡¿reasons, we cannot say that defendant’s sentence of 30 years was constitutionally excessive.
Therefore, we find no merit to defendant’s second assignment of error.
DECREE
For the foregoing reasons, defendant’s sentence is affirmed. Costs of this appeal are assessed to defendant.
AFFIRMED.

. Defendant filed three assignments of error. However, he failed to brief the third assignment of error that asserted that the habitual offender charge constituted double jeopardy. Assignments of error that are neither briefed nor argued on appeal are considered abandoned. State v. Foy, 439 So.2d 433 (La.1983).

. We affirmed defendant’s November 17, 1993, conviction and sentence for distribution of cocaine on November 2, 1994. State v. Hopkins, 94-337 (La App. 3 Cir. 11/2/94), 649 So.2d 673.

. Defendant does not claim that the sentencing court improperly sentenced him without follow-mg La.Code Crim.P. art. 894.1.