708 So.2d 1071 (1998)
STATE of Louisiana
v.
William McINTYRE.
No. 97-KA-876.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 1998.
Laurie A. White, New Orleans, for Appellant William McIntyre.
Paul D. Connick, Jr., District Attorney, Ellen Fantaci, Assistant District Attorney, Research & Appeals, Gretna, for Appellee State.
Before DUFRESNE, CANNELLA, and DALEY, JJ.
CANNELLA, Judge.
Defendant, William McIntyre, appeals from his convictions on two counts of distribution of cocaine and his sentences, as a second felony offender, to twenty years in prison at hard labor on the first count and ten years in prison at hard labor on the second count, to run concurrent. For the reasons which follow, we affirm the conviction, the adjudication as an habitual offender and sentences.
On July 15, 1994, Agent Lisa Crawford, a narcotics agent with the Jefferson Parish Sheriff's Office, received information from a confidential informant who stated that he had arranged a drug purchase from defendant. *1072 The confidential informant told her that defendant indicated that he could do a deal of "half," which means $500 worth of drugs. Agent Crawford contacted Agent "Michael Jackson," the agent's code name, and relayed this information to him. Agent Jackson picked up the confidential informant and met Agent Crawford and the surveillance team at a pre-arranged location. Agent Jackson was fitted with a "wire," a listening device that enabled the surveillance team to hear what was happening. He was also given some money to make the purchase. Thereafter, the confidential informant and Agent Jackson went to 1021 Carmadelle in an area of Marrero known as "Walkertown," an area "targeted" as a high-crime area. The confidential informant introduced Agent Jackson to a person named "William" and then stepped away. Agent Jackson asked William for "half." William gave him a plastic bag containing twenty-three rock-like substances and Agent Jackson gave William $500. Agent Jackson brought the plastic bag and its contents to Agent Crawford at a pre-arranged location. Daniel Waguespack, who was accepted at trial as an expert in the field of forensic chemistry, testified that the substances tested positive for the presence of cocaine.
On July 18, 1994, the same confidential informant called Agent Crawford and said that defendant would do another "deal" for $500. As before, Agent Jackson and the confidential informant went to 1021 Carmadelle. Agent Jackson purchased twenty-five rocks from defendant for $500. Agent Jackson gave the cocaine to Agent Crawford at the pre-arranged location. These rocks also tested positive for the presence of cocaine.
On August 29, 1995, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of distribution of cocaine, in violation of La. R.S. 40:967A. Defendant was arraigned on September 13, 1995 and pled not guilty. A jury of twelve persons was empaneled on November 6, 1995. The next day, the trial court heard and denied defendant's motion to suppress identification. Later that same day, trial commenced. After hearing all of the testimony and considering the evidence, the jury unanimously found defendant guilty as charged on both counts of distribution of cocaine.
On November 13, 1995, the state filed an habitual offender bill of information, charging defendant as a second felony offender. On November 21, 1995, the trial court sentenced defendant to serve ten years at hard labor on each count, to run consecutively. Defendant was arraigned on the habitual offender bill of information and denied the allegations therein.
On December 12, 1995, after the trial court advised defendant of his right to remain silent and his right to a hearing, defendant stipulated to the allegations in the habitual offender bill. The trial court vacated defendant's sentence on count one and imposed an enhanced sentenced of twenty years imprisonment at hard labor. The enhanced sentence was ordered to run concurrent with defendant's sentence on count two. It is from these convictions and sentences that defendant now appeals.
On appeal defendant assigns three errors and requests a review for errors patent on the face of the record.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error, defendant contends that the evidence was legally insufficient to support his conviction because the "state's only proof is the sole testimony of an unnamed, anonymous witness, allegedly the undercover agent who was purported to have purchased cocaine from the appellant." The state argues to the contrary that it proved the elements of the offense beyond a reasonable doubt. We agree.
The standard for testing the sufficiency of evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La. 1986); State v. Lassere, 95-1009, p. 6 (La. App. 5th Cir. 10/1/96), 683 So.2d 812, 816, *1073 writ denied, 96-2655 (La.4/18/97), 692 So.2d 445.
A determination of the weight of evidence is a question of fact which rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witnesses. State v. Silman, 95-0154, p. 12 (La.11/27/95), 663 So.2d 27, 35.
Defendant was convicted of two counts of distribution of cocaine in violation of La. R.S. 40:967(A)(1), which provides in pertinent part:
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II.[1]
The state established that defendant distributed cocaine on two occasions to Agent Jackson through the testimony of Agents Crawford and Jackson. Agent Crawford testified that on July 15, 1995, she received a telephone call from a confidential informant who told her that a person named "William McIntyre" could do a "deal" for "half," which is $500 of cocaine. Thereafter, she contacted Agent Jackson and arranged for him to make an undercover purchase from defendant. After picking up the confidential informant, he and the confidential informant met Agent Crawford and the surveillance team at a pre-arranged location. Agent Jackson was equipped with a "wire," a transmitting device for listening purposes. Agent Crawford testified that she and the surveillance team proceeded to the area of the purchase at 3:34 p.m. Agent Jackson and the confidential informant then drove to 1021 Carmadelle in Marrero. Agent Crawford testified that the confidential informant knocked on the door of the residence and that she heard Agent Jackson ask for "half." The deal was completed at 4:06 p.m.
Next, Agent Jackson and the confidential informant met Agent Crawford at a pre-arranged location where he gave her twenty-three off-white, rock-like objects. Agent Crawford identified state's exhibit one as the objects that Agent Jackson gave her. At 8:00 p.m., just four hours later, Agent Crawford showed Agent Jackson a photographic lineup. Agent Crawford testified that Agent Jackson immediately made a positive identification of defendant. She also identified state's exhibit seven as the photographic lineup shown to Agent Jackson.
At trial, Agent Jackson testified that after the confidential informant knocked on the door, he introduced Agent Jackson to "William," defendant, the person who answered the door. Agent Jackson asked defendant for "half," which Agent Jackson explained meant half an ounce of cocaine. Defendant gave Agent Jackson a plastic bag containing twenty-three rock-like substances for which Jackson gave him $500. Thereafter, he and the confidential informant met Agent Crawford at the prearranged meeting place, where he gave her twenty-three rocks that he had purchased that day. Agent Jackson identified state's exhibit one as the cocaine that he gave to Agent Crawford. He also testified that he viewed a photo lineup four hours after the sale and he positively identified defendant as the person who sold him drugs earlier that day.
On July 18, 1994, the same confidential informant called Agent Crawford and told her that defendant would do another "deal" for $500 of cocaine. Like before, Agent Jackson and the confidential informant went to 1021 Carmadelle and the purchase was made. This time Agent Jackson turned over twenty-five rocks for the same amount of money, $500. Agent Crawford identified state's exhibit four as the narcotics purchased by Agent Jackson on July 18, 1994.
Agent Jackson testified that the second purchase was basically the same as the first. The confidential informant knocked on the door and reintroduced Agent Jackson to defendant. After, the informant walked back to the car, Agent Jackson asked defendant for "half." Defendant told Agent Jackson *1074 that he would sell it to him this time, but not to come back. Then, defendant gave Agent Jackson twenty-five white rock-like objects for which Agent Jackson gave defendant $500. Thereafter, Agent Jackson met Agent Crawford at the prearranged meeting place and gave her the narcotics. He identified state's exhibit four as the cocaine that defendant sold him on July 18, 1994.
Agent Jackson positively identified defendant at trial and further testified that there was "no doubt" that defendant was the "William" who sold him drugs on both occasions. Additionally, Daniel Waguespack, of the Jefferson Parish Sheriff's Crime Lab, was accepted as an expert in the field of forensic chemistry. He testified that the rocks in both state's exhibit one and state's exhibit four tested positive for the presence of crack cocaine.
Notwithstanding the overwhelming evidence presented by the state, defendant maintains that the evidence was insufficient to support his conviction on the grounds that Agent Jackson's memory was impeached at trial and thus, the state's primary witness was shown to be unreliable.
The defense cross-examined Agent Jackson regarding his identification in another criminal case involving David Lackey. Agent Jackson testified that he had identified Lackey as an individual who had sold him drugs on July 22, 1994, the date indicated by the report of that incident. However, Lackey was incarcerated on that date and the state dismissed one of the counts against Lackey. Nevertheless, on re-direct examination, Jackson stated that he purchased drugs from Lackey on two occasions, but said that he did not remember the dates of the purchases.
After this cross-examination of Agent Jackson, it appears that defendant attempted to establish an alibi defense through the testimony of Curtis Brown, who testified that defendant was employed by him from July 1, 1994 through December 7, 1994. Brown ran a used tire business and testified that all employees worked from 6:00 a.m. to 6:00 p.m. six days a week. On cross-examination, Brown testified that none of his paperwork that he had brought to trial showed that defendant was working on July 15, 1994 or July 18, 1994. He also testified that the employees did not punch a time clock and were allowed to leave for lunch. After hearing all of this testimony and considering all of the evidence, the jury returned a verdict of guilty as charged on both counts. In view of defendant's assertion of an alibi defense, defendant is actually raising the issue of credibility of the witnesses, rather than an insufficiency of the evidence claim. State v. Rowan, 97-21, p. 7, (La.App. 5th Cir. 4/29/97), 694 So.2d 1052, 1056. The jury apparently believed the state's witnesses and did not believe defendant's alibi witness. It is within a jury's sound discretion to accept or reject in whole or in part the testimony of any witness and the credibility of witnesses is not reweighed on appeal. State v. Forrest, 95-31, p. 18 (La.App. 5th Cir. 2/14/96), 670 So.2d 1263, 1271, writ denied 96-0654 (La.6/28/96), 675 So.2d 1117.
We find the evidence sufficient to support defendant's two convictions for distribution of cocaine.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error, defendant contends that the trial court erred by allowing Agent Jackson to testify under this code name. Defendant argues that this procedure violated defendant's right of confrontation as guaranteed by the U.S. and Louisiana Constitutions.
The state argues that defendant's right to confront the witnesses against him was not violated. The defendant knew the agent's real name and, more importantly, defendant was afforded ample opportunity to cross-examine the agent at trial.
The Sixth Amendment of the U.S. Constitution and La. Const. Art. I, § 16 guarantee an accused in a criminal prosecution the right to present a defense. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); State v. Hamilton, 441 So.2d 1192 (La.1983); State v. Carter, 570 So.2d 234, 236 (La.App. 5th Cir.1990). These constitutional provisions also guarantee the accused the right to confront the witnesses against him. The essential purpose of confrontation is to secure for the opponent the opportunity of *1075 cross-examination. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Cross-examination is the primary means by which the believability of a witness and the truth of his testimony are tested. State v. Carter, 96-358, p. 8 (La.App. 5th Cir. 11/26/96), 685 So.2d 346, 351.
At trial, Agent Jackson of the narcotics division of the Jefferson Parish Sheriff's Office testified that this was not his real name, but an identity that he used during undercover operations. Defendant did not object at trial to this witness using a fictitious name rather than his real name.
Under La.C.Cr.P. art. 841(A) which provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence" defendant has waived any objection he may have had on this issue. State v. Humphrey, 96-838, p. 11 (La.App. 5th Cir. 4/29/97), 694 So.2d 1082, writ denied, 97-1461 (La.11/7/97), 703 So.2d 35. Notwithstanding the waiver of this objection, we find-that the record does not support defendant's contention. The record reflects that defendant was afforded an ample opportunity to cross-examine Agent Jackson and that he exercised his right to cross-examine this witness. The record also reflects that Agent Jackson was present in court, testified and was available for cross-examination.
We find that this assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, defendant contends that he was denied the right to a fair trial in violation of the Sixth Amendment to the United States Constitution and Article I § 16 of the Louisiana Constitution because his trial counsel was ineffective. Defendant complains that he received ineffective assistance of counsel because his trial attorney did not file a motion to reconsider his sentence. Defendant contends that his sentence is constitutionally excessive but that he is now precluded from appealing his sentence as excessive because of his counsel's failure to file that motion.
The state notes that a claim of ineffective assistance of counsel is more properly raised in an application for post conviction relief. Further, the state argues that defendant received effective assistance of counsel because he was not prejudiced by counsel's failure to file a motion to reconsider sentence because the sentence is not constitutionally excessive. The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through an application for post conviction relief rather than direct appeal, so as to afford the parties an evidentiary hearing before the trial court and create an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987); State v. Brown, 384 So.2d 983 (La.1980). See also State v. Lee, 26542 (La. App. 2nd Cir. 5/12/94), 636 So.2d 634. However, where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780 (La.1993); State v. Junior, 542 So.2d 23 (La.App. 5th Cir.1989), writ denied, 546 So.2d 1212 (La.1989).
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffective assistance of counsel, a two-pronged test is employed. The defendant must show that (1) his counsel's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 636 So.2d at 1075. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland v. Washington, supra; State v. Serio, 94-131 (La.App. 5th Cir. 6/30/94), 641 So.2d 604, 607, writ denied, 94-2025 (La.12/16/94), 648 So.2d 388. In order to prevail on a claim for ineffective assistance, a defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland, supra.
*1076 On November 21, 1995, the trial judge originally sentenced defendant to serve 10 years at hard labor on each count of distribution of cocaine, to run consecutive with each other. On December 12, 1995, after adjudicating defendant a second felony offender, the trial court vacated defendant's original sentence on count one and imposed an enhanced sentence of 20 years at hard labor, to run concurrent with defendant's original sentence on count two.
Defendant correctly asserts that his trial counsel did not file a motion to reconsider his enhanced sentence. Further, as a general rule, jurisprudence interpreting La.C.Cr.P. art. 881.1 has held that a defendant must file a motion to reconsider sentence to receive an excessiveness review on appeal. State v. Balser, 96-443, p. 6 (La.App. 5th Cir. 11/14/96), 694 So.2d 351, 354; State v. Williams, 96-1587, p. 11 (La.App. 4th Cir. 4/16/97), 693 So.2d 249, 255.
However, this Court has held in State v. Pendelton, 96-367, p. 30 (La.App. 5 Cir. 5/28/97), 696 So.2d 144, 159, that the failure to file a motion to reconsider sentence does not by itself constitute ineffective assistance of counsel. The Pendelton court found that defendant's trial counsel was not ineffective because defendant did not show a reasonable probability that, but for the error, defendant's sentence would have been different. Id.
Likewise, in the present case, defendant has not shown that there is a reasonable probability that, but for counsel's error, his sentence would have been different. Defendant argues that maximum sentences should be reserved for the most egregious violators and that his actions of selling drugs from his residence do not constitute the most egregious violation of the offense of distribution of cocaine.
We note, however, that defendant's argument is legally flawed. The trial judge did not impose the maximum sentence upon defendant. As a second felony offender, defendant could have received a sentence that ranged between 15 and 60 years. La. R.S. 40:967(B)(1); La.R.S. 15:529.1(A)(1)(a). Defendant's sentence of 20 years is toward the low end of the range for the offense. Moreover, sentences in excess of 20 years for this offense have been upheld as not constitutionally excessive. See State v. Hopkins, 94-1530 (La.App. 3rd Cir. 7/5/95), 663 So.2d 54 in which the court of appeal found that defendant's 30 year sentence, as a second offender for distribution of cocaine, was not constitutionally excessive. Further, defendant's sentence of 10 years on the second count was at the low end of the 5 to 30 year range for that offense. La. R.S. 40:967(B)(1).
Accordingly, we find no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER FOUR
Defendant requests review of the entire record for errors patent.
In reviewing the record for errors patent, we find one error. The trial court did not advise defendant, either at the original sentencing or at the habitual offender sentencing, of the prescriptive period for filing post conviction relief as required by La. C.Cr.P. art. 930.8(C). Accordingly, we remand the case to the district court and order it to inform defendant of the provisions of La.C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this court's opinion and to file written proof in the record that defendant received the notice. State v. Kershaw, 94-141, p. 4 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289, 1291.
Accordingly, for the reasons set out above, we affirm defendant's two convictions for distribution of cocaine, his adjudication as a second felony offender and sentences, on the first count to 20 years in prison at hard labor and on the second count to 10 years in prison at hard labor, to run concurrent, with credit for time served.
CONVICTIONS, ADJUDICATION AS AN HABITUAL OFFENDER AND SENTENCES AFFIRMED.
NOTES
[1] Under La. R.S. 40:964, Schedule II drugs includes "cocaine".