LPALEY, Judge.
Defendant, Terry Johnson, appeals Ms conviction of simple burglary of a residence, a violation of LSA-R.S. 14:62, following a jury trial. On appeal, Johnson argues that the evidence was insufficient to convict him of this crime, because there was a possibility that he was misidentified by the victim. Finding that the record contains ample evidence to support the jury finding, we affirm.
The victims, Deputy Mary Labue and her husband, Deputy Sal Labue, were both employed by the Jefferson Parish Sheriffs Office. They were both home sleeping in their apartment between nine and ten o’clock in the mormng of November 3, 1997 when they heard a knocking at the door. Deputy Sal Labue went to the peephole and saw a black male wearing a light *714 blue work shirt, a black sweatshirt, and a black hat with the word “ox” on it standing in front of his door. Deputy Sal Labue did not open the door, but kept watching. The man went to the next door and knocked also, and Deputy Sal Labue figured it was a service technician for Cox Cable 13because he could see “ox” on the man’s hat. Deputy Sal Labue stepped away from the door to turn off a light, when his front door was kicked in by the same black male he had just observed through the peephole. Deputy Sal Labue pretended he was armed and ordered the man to put his hands up. When the perpetrator saw that Deputy Sal Labue was not armed, he turned and ran out of the apartment. As the suspect walked quickly outside the apartment, Deputy Sal Labue followed his movements through his apartment windows and observed him enter a gold Oldsmobile Cutlass type vehicle with tinted windows. He grabbed his police radio, which he kept by the bed, and called in the description of the robber and vehicle.
Deputy Sal Labue testified that around ten minutes after he put out the description on the radio, he was called to a pawn shop on Airline Highway to identify the perpetrator. There, he identified the defendant as the man who broke into his home. Deputy Sal Labue also identified several photographs of the defendant that were taken when he was apprehended. Deputy Sal Labue also positively identified the defendant, Terry Johnson, in court as the man who had broken into his apartment.
On cross examination, Deputy Sal Labue admitted everything took place fast, but testified he had enough time to get a look at the defendant and he was positive the defendant was the man who broke into his home.
Deputy Ducos, an off-duty deputy who was on a special detail, heard the description of the car and robber on his 'monitor. Approximately ten minutes later, while working his detail, he saw the gold Oldsmobile pull up in front of a pawn shop and the driver get out with a television. He approached the car and saw that the passenger met the description of the robber that Deputy Sal Labue put on the radio. He read the passenger, Mr. Johnson, his rights, and called for back-up. Deputy Ducos |4also called Deputy Sal Labue, who arrived and identified defendant, Johnson, as the person who entered his home.
Deputy Ducos said that the passenger’s description matched every detail given by Deputy Sal Labue, except that Johnson was not wearing the hat, which was found later on the back seat. He said that all other details of the perpetrator’s appearance and the car were just as Deputy Sal Labue described. Ducos also testified that it took him exactly nine and a half minutes ' to drive from the pawn shop to Deputy Sal Labue’s apartment.
ANALYSIS
On appeal, the defendant argues that Deputy Sal Labue’s identification of him as the robber could have been mistaken, because Deputy Sal Labue testified that he was very scared at the time and only saw the robber for only a very short time before he left the apartment. Defendant argues a general principle that often, eyewitness testimony is unreliable. Defendant further argues that gold Oldsmobile Cutlasses are common in the New Orleans area and that light blue shirts are also common attire.
Defendant complains that Deputy Sal Labue’s identification should have been suppressed as unreliable and the probability of misidentification was not negated by the state. Fairness is the standard of review for identification procedures, and reliability is the linchpin in determining the admissibility of identification testimony.[1] Even if an identification *715 procedure is suggestive, it is the likelihood of misidentification, not the mere existence of suggestiveness, which violates due Isprocess.[2] The factors to be considered in assessing the reliability of an identification include opportunity of the witness to view the criminal at the time of the crime, the witness’s degree of attention, the accuracy of the prior description of the criminal, the level of certainty displayed at the confrontation, and the time between the crime and the confrontation.[3]
Defendant asserts that since he was not placed in a line-up the identification of him by Deputy Sal Labue was improper. Generally, one-on-one identifications are not favored. However, this type of confrontation between suspect and victim is permissible when justified by the overall circumstances; particularly when the accused is apprehended within a relatively short period after the occurrence of the crime, and has been returned to the scene.[4] This method of identification has been upheld because prompt confrontation between the defendant and the victim promotes fairness by ensuring the reliability of the identification and the expeditious release of innocent suspects.
The instant case involved a one-on-one identification. However, Deputy Sal La-bue identified defendant within ten minutes of the incident, a short distance from the scene of the crime. When defendant was apprehended, he was wearing the clothing Deputy Sal Labue described. Deputy Sal Labue had a good opportunity to view defendant at the time of the incident. He saw him through the peephole, then inside the apartment, and again through a window as defendant left the premises. There is no evidence in the record that the identification was sugges-five, or that it was unreliable. Moreover, it was supported by Deputy Sal Labue’s subsequent ^identification of defendant in court. We find that the out of court identification of defendant did not violate his constitutional rights and that the state presented sufficient evidence to affirm the jury’s finding of guilt.
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
Accordingly, defendant’s conviction is affirmed.
AFFIRMED.

. State v. Hubbard, 97-916 (La.App. 5 Cir. 1/27/98), 708 So.2d 1099, writ denied, 98-0643 (La.8/28/98), 723 So.2d 415; State v. Jackson, 96-661 (La.App. 5 Cir. 4/9/97), 694 So.2d 440, writs denied, 97-1050 *715 (La.10/13/97), 703 So.2d 609, 97-1255 (La.10/13/97), 703 So.2d 612.

. State v. Culpepper, 434 So.2d 76 (La.App. 5 Cir.1982); State v. Hubbard, supra.

. Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); State v. Winfrey, 97-427, p. 5 (La.App. 5 Cir. 10/28/97), 703 So.2d 63, 69, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481.

. State v. Hubbard, supra; State v. Winfrey, supra.