762 So.2d 264 (2000)
STATE of Louisiana
v.
Napoleon DAY.
No. 00-KA-64.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2000.
*266 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Deborah A. Villio, Asst. Dist. Attys., Gretna, LA., for Plaintiff-Appellee.
A. Bruce Netterville, Gretna, LA, for Defendant-Appellant.
(Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and MARION F. EDWARDS).
DUFRESNE, Judge.
The defendant, Napoleon Day, challenges his conviction and sentence for attempted burglary of an inhabited dwelling. For the reasons set forth herein, we affirm the defendant's conviction and sentence.
The Jefferson Parish District Attorney filed a bill of information charging the defendant with attempted burglary of an inhabited dwelling, a violation of LSA-R.S. 14:27:62.2. The matter proceeded to trial before a twelve person jury at the conclusion of which the defendant was found guilty as charged. As a result of this conviction, the trial court sentenced the defendant to six years imprisonment at hard labor to be served without benefit of parole, probation, or suspension of sentence.
The state filed a bill of information seeking to have the defendant adjudicated and sentenced as a multiple offender. After the defendant stipulated to his status as a third felony offender, the trial judge vacated his original sentence and resentenced him to six years at hard labor, without benefit of probation or suspension of sentence. The defendant now appeals.

FACTS
This case involves the attempted burglary of a dwelling at 430 Fairmont Street in Harvey on July 30, 1997. On the day of the incident, fourteen year old Jeffrey Simoneaux was at his home located at 434 Fairmont Street. At approximately 2:00 p.m., he was washing dishes when he heard a noise outside. Jeffrey looked outside the kitchen window and saw a man "kicking in" his neighbor's door. He described the man as a tall, thin, black man wearing black "parachute" pants, and a dark blue shirt with designs on it. He testified that the man was wearing a black cap with yellow writing on it, and that he had a beard. Jeffrey's older brother, Carroll, ran outside to his neighbor's house and saw the man halfway into the door. Carroll yelled at the man, and the man turned around, ran, and jumped over the back fence onto Maple Street. Carroll described the man as a six-foot, thin, black man wearing black pants, a dark blue shirt *267 with a design on it, and a black baseball cap with yellow writing on it.
Carroll ran inside and called the police, giving them a description of the perpetrator. Deputy Joseph Ragas responded to the 434 Fairmont address within two minutes of the call, and he broadcasted, over police radio, a description of the suspect. Deputy Hermann of the Jefferson Parish Sheriff's Office, who was traveling in the area, heard the description and noticed a man meeting that description speaking on a pay phone at the firehouse on Maple Street, a matter of blocks from the incident. Deputy Hermann detained the man and radioed Deputy Ragas that he had stopped a man matching the description.
Deputy Ragas brought Carroll Simoneaux to the firehouse, where Carroll positively identified the defendant as the man who had tried to break into his neighbor's house. The defendant was then placed under arrest.
Mark Tournier, the owner of the property, testified at trial that a hole had been kicked into his back door. He further stated that the hole was not there in the morning when he left for work, and that he had not given anyone permission to enter his home.
The defendant testified on his own behalf at trial. He denied having committed the offense, stating that he had been at the pay phone for approximately three hours at the time of the crime, speaking to Tawana Riggins. Ms. Riggins testified that she had been on the phone with the defendant and his friend, Dwight, for two to three hours, discussing what to eat for dinner. Rene Dwight Anderson, a friend of the defendant, corroborated this testimony. The defendant also told the jury that he has had sickle cell anemia since birth, that he is often in pain, and would be unable to jump a fence or run.
The defense presented the testimony of Dr. Robert Veith, an expert in internal medicine and hematology. Dr. Veith described sickle cell anemia and osteomyelitis for the jury. He then testified that the defendant had been his patient since 1985, suffered from sickle cell anemia, and had a 1980 episode of osteomyelitis. He testified that the defendant, however, had not been to see him for several years. Dr. Veith told the jury that a sickle cell patient would have weaker bones, and a shorter tolerance for extended physical activity. He also told the jury that a patient, such as the defendant, would, at times, be pain free. Dr. Veith would not speculate if a sickle cell patient would have been able to commit the instant crime. He did say, however, that a person with sickle cell could have run the distance shown, and, if pain free, could have jumped a fence.
Following the presentation of this testimony, the jury found the defendant guilty as charged to attempted burglary of a residence.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assigned error, the defendant argues that he was prejudiced by being placed in shackles during his trial.
Ordinarily, a defendant before the court should not be shackled or handcuffed or garbed in any manner destructive of the presumption of innocence and of the dignity and impartiality of judicial proceedings. However, exceptional circumstances may require, within the discretion of the trial court, the restraint of the prisoner for reasons of courtroom security or order or where the prisoner's past conduct reasonably justifies apprehension that he may attempt to escape. For a finding of reversible error, the record must show an abuse of the trial court's reasonable discretion resulting in clear prejudice to the accused. State v. Wilkerson, 403 So.2d 652 (La.1981); State v. Hernandez, 98-448 (La.App. 5 Cir.5/19/99), 735 So.2d 888, writ denied, 99-1688 (La.11/12/99), 750 So.2d 194.
*268 We first note that the defendant did not object at trial to being shackled. Furthermore, there is no showing that the use of leg shackles prejudiced the accused. The record contains no indication that the jurors saw the defendant in shackles. In fact, prior to the defendant's trial testimony, the trial court ordered the jury out of the courtroom in order to arrange for the shackles to be removed so that the jury would not see him in shackles when he walked up to the stand. Given these circumstances, we cannot say that the defendant was prejudiced by being shackled. Accordingly, this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
In this assigned error, the defendant argues that the trial court erred in denying his motion to suppress the one-on-one identification.
The record reflects that the defendant filed a motion to suppress confession, identification, and physical evidence. However, that motion was not ruled upon prior to the commencement of trial. This court has held that "motions pending at commencement of trial are waived if defendant proceeds at trial without raising as an issue the fact that the motions were not ruled upon." State v. Scamardo, 97-197 (La.App. 5 Cir. 2/11/98), 708 So.2d 1126, 1129, writ denied, 98-0672 (La.7/2/98), 724 So.2d 204. By proceeding to trial without objection, the defendant herein waived his right to have the motion considered. Furthermore, this court has held that the failure of a record to contain a ruling on a motion to suppress prior to trial does not constitute reversible error when the question raised in the motion to suppress was properly disposed of at trial. State v. Alberto, 95-540 (La.App. 5 Cir. 11/28/95), 665 So.2d 614, writs denied, 95-1677 (La.3/22/96), 669 So.2d 1222 and 96-41 (La.3/29/96), 670 So.2d 1237.
In the instant case, witness Carroll Simoneaux made a positive in-court identification of the defendant. Both Carroll Simoneaux and Deputy Ragas testified that the identification Carroll made of the defendant soon after the incident was not suggestive, forced, or coerced. In addition, the defendant had the opportunity to cross-examine the witnesses as well as the deputies who investigated the burglary and were involved in the identification. Therefore, the issue was fully litigated and properly disposed of at trial. Accordingly, we find no reversible error in the trial court's failure to rule upon the motion. This assignment likewise is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
On appeal, the defendant also argues that he was denied his constitutional right to effective assistance of counsel. The defendant specifically claims that he was denied effective assistance by counsel's failure to object to impermissible hearsay, his failure to object to the defendant being shackled during trial, and his failure to request a hearing on the motion to suppress identification.
Although claims of ineffective assistance of counsel are more appropriately addressed through an application for post conviction relief, we will address the defendant's allegations since the record contains sufficient evidence to decide the claims. State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, writs denied, 94-0475 *269 (La.4/4/94), 637 So.2d 450 and 94-1361 (La.11/4/94), 644 So.2d 1055. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland v. Washington, 466 U.S. at 686, 104 S.Ct. at 2064; State v. Serio, 94-131 (La. App. 5 Cir. 6/30/94), 641 So.2d 604, writ denied, 94-2025 (La.12/16/94), 648 So.2d 388. In order to show prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 693, 104 S.Ct. at 2068.
Effective assistance of counsel does not mean errorless counsel, or counsel who may be judged ineffective on mere hindsight. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). In Strickland, 466 U.S. at 688, 104 S.Ct. at 2065, the Supreme Court stated:
A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy" ... (Citations omitted.)
The defendant first argues that trial counsel was ineffective because he failed to object to inadmissible hearsay evidence. He specifically complains about the admission of the defendant's medical records as well as to the prosecutor's questioning of the defendant about those records.
The medical records do not meet the requirements of LSA-R.S. 13:3714 insofar as they are not certified or signed by the administrators or the medical records librarians of the hospital. Therefore, the records were not properly admitted at trial. See State v. Johnson, 612 So.2d 828 (La.App. 1 Cir.1992), writ denied, 616 So.2d 680 (La.1993). However, since neither the records in this case nor their contents were provided to the jury, the admission of these records can be deemed harmless. Thus, even if counsel's performance was deficient in failing to object, we cannot say that the deficiency in any way prejudiced the defendant.
The defendant also argues that trial counsel was ineffective for his failure to object to the prosecutor's questioning about these records. We do not find that the prosecutor's questioning of the defendant amounted to inadmissible hearsay, LSA-C.E. art. 801(C). At no time did the prosecutor, or the defendant for that matter, repeat any out of court statements made by the declarant doctor. Since no impermissible hearsay was admitted during the prosecution's examination of the defendant, we cannot say that trial counsel was ineffective for his failure to object to the colloquy.
As part of this assigned error, the defendant also complains that trial counsel was ineffective for failing to object to the defendant being shackled during trial. As was discussed in Assignment of Error One, there is no evidence that the jury saw the defendant in shackles, and the trial court was careful to verify that the defendant was not shackled when he came before the jury to testify. Therefore, trial counsel was not ineffective for failing to object to a condition which caused no prejudice to his client.
The defendant lastly argues that trial counsel was deficient in his duty when he failed to pursue a hearing on his motion to suppress the identification. For purposes of an ineffective assistance of counsel claim, the filing of pretrial motions is squarely within the ambit of the attorney's trial strategy, and counsel is not *270 required to engage in efforts of futility. State v. Hollins, 99-278 (La.App. 5 Cir. 8/31/99), 742 So.2d 671.
Fairness is the standard of review for identification procedures, and reliability is the linchpin in determining the admissibility of identification testimony. Even if an identification procedure is suggestive, it is the likelihood of misidentification, not the mere existence of suggestiveness, which violates due process. State v. Hubbard, 97-916 (La.App. 5 Cir. 1/27/98), 708 So.2d 1099, writ denied, 98-0643 (La.8/28/98), 723 So.2d 415.
The identification in the instant case was a one-on-one identification made by Carroll Simoneaux. Generally, one-on-one identifications are not favored. However, this type of confrontation between suspect and victim is permissible when justified by the overall circumstances, particularly when the accused is apprehended within a relatively short period of time after the occurrence of the crime and has been returned to the crime scene. This method of identification has been upheld because prompt confrontation between the defendant and the victim promotes fairness by ensuring the reliability of the identification and the expeditious release of innocent suspects. State v. Johnson, 99-450 (La.App. 5 Cir. 8/31/99), 742 So.2d 713.
The identification of the defendant in the instant case was made minutes from the incident and only a few blocks from its scene. When Carroll Simoneaux identified the defendant, the defendant was wearing the same clothes which Carroll had earlier described. Both Carroll and Deputy Ragas testified that the identification was not forced or coerced. Therefore, there is no evidence in the record that the identification was suggestive, or that it was unreliable. Moreover, the out of court identification was supported by Carroll Simoneaux's subsequent identification of defendant in court. Because the identification was reliable, it was certainly within the ambit of trial strategy for trial counsel not to pursue a hearing on the motion to suppress.
Based on the foregoing discussion, we find that the defendant failed to show that counsel's performance was deficient and that the deficiency prejudiced him. Accordingly, we reject the defendant's allegations of ineffectiveness.

ASSIGNMENT OF ERROR NUMBER FOUR
By this assignment the defendant argues that while the prosecutor questioned the defendant about Dr. Isola's opinion of whether or not the defendant could run, she improperly held in her hands the inadmissible medical report. The defendant argues that this was a violation of his rights because, by holding the report in her hands, the prosecutor was knowingly bringing inadmissible evidence before the court. The defendant cites no law in support of this contention. Furthermore, there is no evidence in the record that the jury or the judge knew what was in the prosecutor's hand when she was questioning the defendant. We additionally note that the defendant did not object to the prosecutor's actions at trial. LSA-C.Cr.P. art. 841; State v. Rochon, 98-717 (La.App. 5 Cir. 3/10/99), 733 So.2d 624. Given these circumstances, we find no merit to this assigned error.

ASSIGNMENT OF ERROR NUMBER FIVE
The defendant argues that the errors in this case cumulatively warrant reversal. A careful examination of the assigned errors in this case and a review of the record, however, has revealed no reversible error. The Louisiana Supreme Court has been "unwilling to say that the cumulative effect of assignments of error lacking in merit warrants reversal of a conviction or sentence." State v. Strickland, 94-0025 (La.11/1/96), 683 So.2d 218, 239; State v. Tart, 93-0772 (La.2/9/96), 672 So.2d 116, 154, cert. denied, 519 U.S. 934, 117 S.Ct. 310, 136 L.Ed.2d 227 (1996); *271 State v. Sheppard, 350 So.2d 615, 651 (La. 1977). A defendant is not entitled to a perfect trial, only a fair one. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); State v. Martin, 550 So.2d 568 (La.1989).
Accordingly, we find no merit to the "cumulative error" argument.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975).
A review of the record reveals that, upon the defendant's stipulation to being a third felony offender, the trial court vacated the defendant's original sentence, and resentenced the defendant to six years at hard labor. However, the statute under which the defendant was convicted, LSA-R.S. 14:62.2, would deny the defendant parole eligibility for the first year of his sentence. Upon resentencing, the trial court failed to deny parole eligibility for one year. Accordingly, the defendant's sentence is illegally lenient. However, the State did not preserve its right to appeal the sentence by either filing a motion to reconsider sentence or making a timely objection. LSA-C.Cr.P. arts. 881.2(B), 881.1(D). Under the jurisprudence in effect at the time that the defendant was sentenced, this court is prohibited from correcting the illegally lenient sentence since the prosecution failed to preserve the issue for appeal. State v. Fraser, 484 So.2d 122 (La.1986). State v. Hotoph, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036.
For the reasons set forth herein, we hereby affirm the defendant's conviction and sentence.
AFFIRMED.