858 So.2d 74 (2003)
STATE of Louisiana
v.
Glenn BROOKS.
No. 03-KA-391.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 2003.
*75 Harry J. Morel, District Attorney, Kim McElwee, Assistant District Attorney, Hahnville, LA, Counsel for the State of Louisiana, Plaintiff/Appellee.
Jane L. Beebe, Gretna, LA, Counsel for Glenn Brooks, Defendant/Appellant.
Glenn Brooks, Concordia Correctional Facility, Ferriday, LA, In Proper Person, Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, WALTER J. ROTHSCHILD and EMILE R. ST. PIERRE, Pro Tempore.
WALTER J. ROTHSCHILD, Judge.
On February 9, 2001, the St. Charles Parish District Attorney filed a bill of information charging the defendant, Glenn Brooks, with one count of aggravated battery, in violation of LSA-R.S. 14:34, and one count of possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1. The defendant was arraigned on *76 February 12, 2001, and pled not guilty to both charges.
On May 16, 2001, the two charges against the defendant were severed for trial, and a jury trial was held that day only as to Count 2, the firearm charge.[1] At the conclusion of the trial, the 12-person jury returned a verdict of guilty as charged. On May 25, 2001, the defendant filed a Motion for Post Verdict Judgment of Acquittal and a Motion for New Trial. The trial court denied both motions on June 19, 2001.
On July 17, 2001, the court sentenced the defendant to 15 years at hard labor without benefit of parole, probation or suspension of sentence. The defendant filed a Motion to Reconsider Sentence, which was denied by the trial judge on August 14, 2001. Thereafter, he filed a Motion for Appeal, which was granted on September 18, 2001.
This Court dismissed the defendant's appeal as untimely filed, and remanded the case to the district court to allow the defendant to seek reinstatement of his appeal rights by way of an application for post-conviction relief. State v. Brooks, 01-1316 (La.App. 5 Cir. 4/10/02), 817 So.2d 222. On May 3, 2002, the defendant filed a Uniform Application for Post-Conviction Relief in the district court, seeking an out-of-time appeal. On August 8, 2002, the judge signed an Order reinstating the defendant's appeal rights.
FACTS
Robert Beason testified that he has been acquainted with the defendant, Glenn Brooks, for a long time. On December 16, 2000, Beason and the defendant engaged in two separate verbal altercations. That night, Beason went to Royal's Grocery and Bar in St. Rose. While he was playing video poker, someone told him that the defendant wanted to see him outside. Beason exited the establishment and saw the defendant with several other people. The defendant told Beason, "I heard you had got a gun." Beason responded that he did not have a gun. The defendant, who was himself holding a gun, said, "Consider this a Christmas gift." Beason turned to run and was shot from behind. He sustained an injury to his groin.
Although Beason did not see the shot fired, he believed the defendant was the person who wounded him. Beason did not see any other individual at the scene in possession of a gun, and he was the only person with whom Beason had quarreled. Beason described the weapon as a .45 caliber handgun.
Deputy Juan Pinillos of the St. Charles Parish Sheriff's Office testified that he was dispatched to Royal's at 11:12 p.m. in response to a reported shooting. When Pinillos arrived at the scene two minutes later, Beason was lying on the floor inside the store. He was alert, but appeared to be in extreme pain. Beason told the officer, "Glenn shot me." Beason was transported from the scene to Kenner Regional Medical Center.
Detective Walter Joseph Fonseca reported to the hospital, where he found Beason lying on a gurney in the emergency room. Fonseca questioned him about the shooting incident, and Beason answered coherently. Beason said that he had an argument with the defendant earlier, and that the defendant had shot him. Beason told him Andrew Armstrong and someone called "Little Smokey" were at the scene, but the officer could not locate either of those individuals. Based on the information Beason gave him, Fonseca obtained a warrant for the defendant's arrest for second degree battery.
*77 At trial, the parties stipulated that the defendant had a prior felony conviction for unauthorized entry of an inhabited dwelling. The court admitted documentation of the defendant's May 5, 2000 guilty plea in that case, which fell within the ten-year cleansing period prescribed by LSA-R.S. 14:95.1.
DISCUSSION
In his first assignment of error, the defendant argues that his 15-year sentence, the maximum punishment allowed under LSA-R.S. 14:95.1, is unconstitutionally excessive, considering that he was offered a six-year sentence prior to trial as part of a plea agreement, and that he is not the worst type of offender, for whom maximum sentences are generally reserved.[2] The defendant preserved these arguments for appeal by raising them in his Motion to Reconsider Sentence in the district court. LSA-C.Cr.P. art. 881.1.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Munoz, 575 So.2d 848, 851 (La.App. 5 Cir.1991), writ denied, 577 So.2d 1009 (La.1991). Even a sentence which falls within statutory limits may be excessive under certain circumstances. State v. Short, 00-866 (La.App. 5 Cir. 10/18/00), 769 So.2d 823, 831, writ denied, 00-3271 (La.8/24/01), 795 So.2d 336.
In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice, recognizing at the same time the broad discretion afforded the trial judge in determining and imposing sentence. State v. Puckett, 02-997 (La.App. 5 Cir. 1/28/03), 839 So.2d 226, 234. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id.
The defendant complains that the trial court failed to provide any explanation as to why it imposed the maximum sentence allowed by law. However, the record reveals that the trial judge did, in fact, give an explanation for his decision. In his reasons for sentencing, the trial judge noted that the defendant was on probation for another offense at the time of the instant offense. Among the aggravating factors the judge noted during sentencing were the defendant's deliberate cruelty toward Mr. Beason, the significant injuries he inflicted, and the fact that he put the safety of many people in jeopardy by firing a weapon in front of a store/bar. The judge did not find any mitigating circumstances, and he felt that a lesser sentence would deprecate the seriousness of the offense. When the judge asked the defense whether it wished to submit mitigating factors for his consideration, defense counsel simply responded, "We're ready for sentencing, Judge."
The defendant argues that Mr. Beason was not a reliable witness, and that the court should have taken that into account in arriving at a sentence. However, there is no authority for the defendant's assertion that the credibility of witnesses is a *78 factor the court must consider in imposing a sentence. Moreover, the court was not, as the defendant claims, required to consider the State's pre-trial offer of a plea bargain, which included a six-year sentence. In State v. Smith, 407 So.2d 652, 657 (La.1981), the Louisiana Supreme Court stated, "the fact that defendant did not accept a plea bargain is not a factor listed in La.C.Cr.P. art. 894.1, nor is the judge's opinion of the witness' credibility. These are not facts that can form part of the basis for a sentence under the statute."
Considering the record before us, the jurisprudence, the serious and violent nature of the offense for which the defendant was convicted, and the aggravating factors articulated by the trial judge during the sentencing hearing, we find that the 15-year sentence imposed by the trial judge is not excessive. Accordingly, the trial court did not abuse its discretion in imposing the maximum sentence, and this assignment of error is without merit.
In his second assignment of error, the defendant asserts that "[t]he evidence of appellant[sic] predicate conviction was legally insufficient." By this assignment, the defendant contends that the state failed to present sufficient evidence to meet its burden of proving the elements of the charged offense. The constitutional standard of review for determining the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant was convicted of violating LSA-R.S. 14:95.1, which makes it unlawful for any person who has been convicted of certain felonies, such as unauthorized entry of an inhabited dwelling, to possess a firearm. The elements necessary to sustain a conviction under LSA-R.S. 14:95.1 are (1) the status of defendant as a convicted felon; (2) possession by the defendant; and (3) the instrumentality possessed was a firearm. State v. Mose, 412 So.2d 584, 585 (La.1982); State v. Knight, 99-138 (La.App. 5 Cir. 6/30/99), 738 So.2d 1179, 1181. General intent is required to commit the crime. State v. Wilder, 02-229 (La.App. 5 Cir. 6/26/02), 822 So.2d 844, 848. The State must also prove that ten years has not elapsed since the date of completion of the punishment for the prior felony conviction. State v. Knight, supra at 1181. It is not necessary to prove that a defendant fired a weapon in order to obtain a conviction for this crime. State v. Washington, 30,108 (La. App. 2 Cir. 12/10/97), 705 So.2d 254, 259, writ denied, 98-0148 (La.5/8/98), 718 So.2d 430.
The first element of the crime was met when the parties stipulated that the defendant had a prior enumerated felony conviction for unauthorized entry of an inhabited dwelling, and this conviction fell within the ten-year statutory limitation. The second and third elements were satisfied through the testimony of Robert Beason, who was the sole witness to testify that he saw the defendant with a gun. The thrust of the defendant's argument is that the jury should not have believed Beason.
The defendant asserts that the evidence against him was insufficient because Beason's testimony was not credible or corroborated by other witnesses and no gun was recovered at the scene. He notes that the defendant stated after the shooting and at the preliminary hearing that the defendant shot him, but at trial he said he did not know who shot him because he was shot from behind.
*79 Beason admitted he told the police the night of the shooting that the defendant shot him; however, at trial, he stated that he was hysterical and did not know who shot him. He testified that he named the defendant because he and the defendant had a verbal altercation and the defendant was the only person he saw with a gun. After testifying at the preliminary hearing, he began to question whether he could actually tell that the defendant shot him when his back was turned away at the time. He denied lying at the preliminary hearing and explained it was "a misinterpretation."
The defendant further argues that Beason did not testify that the defendant fired a gun. However, as stated above, it is not necessary for the defendant to fire a weapon in order to be convicted of the crime of possession of a firearm by a convicted felon. Detective Fonseca testified that the night of the incident, Mr. Beason was coherent and he told the officers that he saw the defendant with a gun that evening. Mr. Beason was positive that the defendant had a gun.
The defendant also argues that the jury should have questioned Mr. Beason's credibility since he had prior convictions and the state had to issue a warrant for his arrest in order to secure his participation at trial. Mr. Beason testified that he was arrested in order to secure his appearance at trial, but he would have appeared anyway.
In reaching the guilty verdict, the jury obviously credited Mr. Beason's testimony. In State v. Demise, 98-0541 (La.4/3/01), 802 So.2d 1224, 1243, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001), the Louisiana Supreme Court reiterated that "[t]he trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness." It is not the function of the appellate court to assess credibility or reweigh the evidence. State v. Hotoph, 99-243 (La. App. 5 Cir.11/10/99), 750 So.2d 1036, 1045,
writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062, and 00-0150 (La.6/30/00), 765 So.2d 1066.
It was for the jury to weigh the evidence and determine whether the state met its burden of proving that the defendant possessed a firearm. In returning its verdict, the jury was free to believe Mr. Beason's eyewitness testimony that the defendant pulled out a gun. Shortly thereafter, when Mr. Beason's back was turned, he was shot by a firearm. The medical records support his testimony that he sustained a gunshot wound to the buttocks. Although there were inconsistencies in Mr. Beason's testimony regarding certain details, he consistently stated that the defendant had a gun. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for the requisite factual findings. State v. Parent, 01-50 (La.App. 5 Cir. 5/30/01), 788 So.2d 685, 689.
Based on the foregoing, and viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that defendant committed the charged offense. Accordingly, this assignment of error is without merit.
In his third assignment of error, the defendant contends that he did not receive effective assistance of counsel because his trial counsel failed to subpoena witnesses, including two material witnesses: Andrew Armstrong and "Little Smoky" who were present at the time of the offense. He contends these two witnesses could have contradicted Beason's testimony, and that defense counsel proceeded without a plausible defense.
*80 During cross-examination, Beason testified that he told Officer Walter Joseph Fonseca, Jr. that "Smoky" and "Andrew" were at the scene of the shooting. Defense counsel referred to "Andrew" as "Andrew Armstrong." Afterwards, defense counsel asked Officer Fonseca about his attempts to locate these two individuals. He testified that he tried several times to locate Armstrong but was unable to do so. He was unable to identify or locate "Little Smoky." No one he spoke to would or could give him information.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Louisiana Constitution of 1974. When a defendant raises a claim of ineffective assistance of counsel, that claim is evaluated under the two-prong test established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show (1) that defense counsel's performance was deficient, and (2) that the deficiency prejudiced the defendant. To show prejudice under this test, the defendant must demonstrate that the outcome of the trial would have been different, but for counsel's unprofessional conduct. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct at 2064.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355, 359 (La.1987); State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. Only when the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal, may it be addressed in the interest of judicial economy. McIntyre, 708 So.2d at 1075. In the present case, the record is inadequate to fully address defendant's claim in this regard. There is no indication whether these two witnesses could be located and identified by defense counsel and if they would have testified favorably for defendant. Therefore, this matter should be relegated to an application for post-conviction relief.
The record was reviewed for errors patent, pursuant to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). This review revealed no errors that require corrective action by this Court.
Although the defendant specifically complains that the trial court failed to properly notify him of the prescriptive period for filing an application for post-conviction relief as required by LSA-C.Cr.P. art. 930.8, the transcript shows that the trial court did properly inform the defendant of said prescriptive period. Since there is no error, no corrective action is necessary.
DECREE
For the reasons set forth above, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] The State later dismissed Count 1, the aggravated battery charge.
[2] See State v. Badeaux, 01-406 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, 239, writ denied, 01-2965 (La. 10/14/02), 827 So.2d 414, in which this Court held that maximum sentences are generally reserved for cases involving the most serious violations of the offense charged, and the worst type of offender.