695 So.2d 1054 (1997)
STATE of Louisiana
v.
Glenn A. BORCHERS.
No. 97-KA-67.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 1997.
*1055 Philip E. O'Neill, Gretna, for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Before WICKER, GOTHARD and DALEY, JJ.
GOTHARD, Judge.
Defendant, Glenn Borchers, was charged with armed robbery, a violation of LSA-R.S. 14:64, by bill of information filed on December 12, 1988, to which he pled not guilty on January 11, 1989.
Subsequently, defendant's original counsel was fired by defendant's family. On April 11, 1989, new counsel orally enrolled on defendant's behalf and advised the trial court of defendant's desire to plead guilty in connection with a plea bargain agreement reached with the state which included an agreement not to file a multiple offender bill of information. At that time defendant withdrew his not guilty plea and entered a guilty plea. Defendant also executed a waiver of rights form in connection with the plea. This form indicates defendant was to receive twenty-five years at hard labor, with credit for time served, and that the state agreed not to prosecute defendant as a multiple offender. The trial judge conducted a Boykin[1] examination to ensure that the plea was entered into by the defendant knowingly and voluntarily. Satisfied with defendant's answers during the colloquy, the trial court accepted defendant's plea after review of the waiver of rights form. Defendant waived the required legal delays, and was sentenced to serve twenty-five years at hard labor, with credit for time served, without benefit of parole, probation, or suspension of sentence.
From the time of sentencing in 1989 until 1995, defendant filed several post-trial motions including petitions for writs of habeas corpus, rules to show cause and an application for post-conviction relief, which alleged an involuntary guilty plea and ineffective assistance of counsel.[2] One of these applications in 1992 included an issue of whether there was an enforceable plea agreement involving a five year sentence. This application was denied by the district court, based upon a finding that the claims were repetitive, and were previously denied in a 1991 petition for writ of habeas corpus. This court denied defendant's writ application in State v. Borchers, 92-KH-905 (La.App. 5 Cir. 11/12/92), and concluded that defendant "entered into a plea bargain and was fully aware of the options he faced."
In July 1994, defendant, represented by counsel, filed a motion to withdraw his guilty plea. After a hearing, the matter was taken under advisement. The district court denied the motion on May 2, 1995, reasoning that at the time of sentencing, the offer of the assistant district attorney was not accepted before being withdrawn by the state.
Defendant applied for supervisory writs to review that ruling. In State v. Borchers, 95-KH-911 (La.App. 5 Cir. 4/1/96), this court granted a writ of review and ordered the trial court, "to consider the application for supervisory writs as a motion for out of time appeal, to grant same and to order preparation of the record for lodging, to include the record and transcript of the post-conviction relief proceeding." A consideration of the issues presented to this court in defendant's out of time appeal reveals no error in the trial court's ruling. Consequently, we affirm.
*1056 Because the defendant entered a guilty plea and there was no trial, the record contains minimal facts about the offense. However, transcripts of certain hearings and documents in the record indicate defendant, while armed with a pistol, entered a Marrero bar and robbed the patrons. Before defendant could flee he was subdued and beaten by the victims. Defendant claimed he was intoxicated at the time of the offense.
In this appeal defendant assigns two errors, in the first he asserts the trial court erred in failing to enforce the "good faith" five year plea bargain agreement. In this assignment, defendant seeks enforcement of an alleged plea agreement in which he was to receive a five year sentence at hard labor in exchange for his guilty plea to the armed robbery charge. Defendant contends that he accepted the state's offer to the plea bargain and communicated his acceptance through his first attorney. Specifically, he argues in brief to this court that the plea agreement was made on a scheduled trial date when the state's witnesses were not present. The trial was reset and the agreement "was to be enforced on the subsequent trial date." However, before the next court date, defendant's original attorney was discharged and a new attorney was hired. Defendant further argues that on the subsequent trial date, the state's witnesses were present and the new defense counsel, without knowledge of the enforceable plea agreement involving a five year sentence, negotiated a plea agreement with a twenty-five year sentence.
The state argues that the original offer was never accepted, that there was no plea agreement, and that the appearance of the state's witnesses on the trial date changed the situation. The state also noted that neither defendant nor his attorney raised the issue of an enforceable plea agreement involving a lesser sentence at the time he actually entered his plea. Moreover, the state contends that rulings of the court denying defendant's post-trial motions to withdraw his plea were supported by the record and should not be disturbed on appeal.
Generally, in criminal matters this court's authority to review questions of fact is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and does not extend to credibility determinations made by the trier of fact. La. Const., art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). Even though we recognize this matter does not involve factual findings of the guilt of the defendant, we allow great deference to the trial court in its determination of credibility.
Furthermore, even assuming that a plea bargain had been reached, we find no error. The state is free to withdraw a plea agreement up to the time the plea is entered, absent a showing of detrimental reliance prejudicial to the substantive rights of the accused, or evidence of devious practice. State v. Caminita, 411 So.2d 13 (La.1982), cert. den. 459 U.S. 976, 103 S.Ct. 314, 74 L.Ed.2d 291 (1982). Absent any showing of detrimental reliance prejudicial to the substantive rights of the accused, or evidence of devious practice by the government such as bad faith negotiation designed to psychologically probe the defense or gain some other improper advantage, the state remains free to withdraw from a plea agreement up to the time the plea is entered. State v. Caminita, supra.
In the present case, there is no showing that the defendant relied to his detriment on the understanding that a plea bargain had been confected, nor is there evidence of devious practices by the state. The only detriment is that defendant's hopes were raised when he was informed of an offer to plead and receive a lenient sentence, then dashed when he was informed that the prosecuting witnesses appeared and the sentence, if he pled, would be greater. This situation is not enough to render the proceedings unconstitutionally unfair. Accordingly, we find no error in the trial court's denial of defendant's motion to withdraw his plea or in its refusal to enforce the alleged plea bargain agreement.
It is well settled that a guilty plea is a conviction and, therefore, is to be afforded a great measure of finality. State v. Craft, 94-411 (La.App. 5 Cir. 12/14/94), 648 So.2d 958, 961-962. Our review of the record in this *1057 matter indicates that there is no legal basis for the withdrawal of defendant's guilty plea.
At the beginning of the hearing, the trial court inquired as to defendant's age and education level. Defendant was thirty-one years old and had completed the seventh grade. The trial court advised defendant of his rights, including the right to a trial by jury, the right to confront witnesses and right against self incrimination. Defendant answered that he understood the rights, that he would be waiving them if he pled guilty, and that he understood he would receive a twenty-five year sentence if he pled guilty. Defendant also signed a waiver of rights form indicating that he understood and knowingly waived his constitutional rights. Further, defendant was satisfied with the representation of his attorney and denied being forced, coerced or threatened by anyone into pleading guilty. At the end of the colloquy, the trial court concluded that defendant understood the consequences of the plea and knowingly and voluntarily pled guilty. We find no merit in this assignment of error.
In his second assignment, the defendant argues that the trial court erred in imposing an excessive sentence of incarceration for a period of twenty-five years, a violation of Article 1, Section 20 of the Louisiana Constitution of 1974. By this assignment of error, defendant contends that his twenty-five year prison sentence was excessive, out of proportion to the seriousness of the offense and solely based upon a change in his legal counsel. He requests this court to reduce his sentence to fifteen years without benefit of parole, probation or suspension of sentence.
The state argues that defendant is precluded under LSA-C.Cr.P. Art. 881.2(A)(2) from seeking review of his sentence which was imposed pursuant to a plea agreement.
It is well settled that when a defendant withdraws a plea of not guilty and enters a plea of guilty, he waives any non-jurisdictional defects. State v. Craft, supra. Moreover, LSA-C.Cr.P. Art. 881.2 A(2) provides, "the defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."
Defendant pled guilty to the armed robbery charge pursuant to a plea agreement with the state. During the colloquy prior to the guilty plea, the trial judge specifically told defendant that his sentence would be twenty-five years at hard labor, with credit for time served and without benefit of parole, probation or suspension of sentence. Thus defendant cannot seek review of the twenty-five year sentence to which he agreed at the time of his plea. This assignment of error lacks merit.
We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art 920 and discovered that the trial court failed to advise defendant of the prescriptive period for post conviction relief as mandated by LSA-C.Cr.P. art. 930.8C. Accordingly, the trial court is directed to inform defendant of the provisions of Article 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
We hereby affirm defendant's conviction and sentence, and remand the matter to the trial court for further action consistent with this opinion.
AFFIRMED AND REMANDED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] Defendant also filed several pleadings seeking production of documents.