778 So.2d 1165 (2001)
STATE of Louisiana
v.
Patti STEVENSON.
No. 00-KA-1296.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2001.
Gwendolyn K. Brown, Louisiana Appellate Project, Baton Rouge, LA, Attorney for Defendant/Appellant, Patti Stevenson.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Assistant District Attorney, Gretna, LA, Attorneys for Plaintiff/Appellee, The State of Louisiana.
Panel composed of CHEHARDY, J., GULOTTA, pro tempore and SCHOTT, pro tempore.
CHEHARDY, Judge.
Defendant, Patti Stevenson, was charged by bill of information with one count of crime against nature, in violation of La. R.S. 14:89. Defendant filed a motion to quash the charge alleged in the bill, on the ground that the statute under which she was charged was unconstitutional. On October 19, 1999, the trial court conducted a hearing on the motion to quash. At the conclusion of the hearing, the trial court denied the motion. On November 2, 1999, while represented by counsel, defendant entered a plea of guilty as charged to crime against nature, reserving her right under State v. Crosby, 338 So.2d 584 (La. *1166 1976), to appeal the trial court's denial of her motion to quash. Pursuant to her plea agreement, the trial court sentenced defendant to three years at hard labor. The court suspended the sentence and ordered that defendant serve three years on active probation. This appeal ensued.
As noted, defendant's guilty plea was made pursuant to State v. Crosby, reserving defendant's right to appeal the trial court's denial of her motion to quash. However, defendant acknowledges in her appellate brief that the Louisiana Supreme Court's recent decision in State v. Smith, 99-0606, 99-2094, 99-2015, 99-2019 (La.7/6/00), 766 So.2d 501, where the Court upheld similar challenges to the constitutionality of La. R.S. 14:89, renders moot defendant's constitutional challenge to the trial court's denial of her motion to quash. Instead, on appeal, defendant asserts three assignments of error, all regarding the length of defendant's sentence: 1) the trial judge failed to comply with the sentencing guidelines in La.C.Cr.P. art. 894.1; 2) the trial court erred in imposing an excessive sentence; and 3) defendant was denied effective assistance of counsel at sentencing because her counsel failed to object to the sentence and failed to file a motion to reconsider sentence with the trial court. Because all three assignments assert that defendant received an excessive sentence, and because all three are argued cumulatively in defendant's appellate brief, all three will be addressed cumulatively herein.
In this matter, defendant pled guilty to the crime against nature charge pursuant to a plea agreement with the state. During the colloquy prior to her guilty plea, the trial judge specifically advised defendant that if the court accepted her plea, defendant's sentence would be three years at hard labor, suspended, and three years of active probation. Defendant agreed to the sentence, subject to her Crosby appeal on the denial of her motion to quash. Further, defendant and her attorney filled out and each signed a "Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty" form, which is included in the record before us, and which specifically lists defendant's sentence to be imposed. The form is also signed by the trial judge.
La.C.Cr.P. art. 881.2A(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Pursuant to La.C.Cr.P. art. 881.2A(2), defendant cannot now seek review of her sentence, to which she agreed prior to her plea. See also State v. Borchers, 97-67 (La.App. 5 Cir.5/28/97), 695 So.2d 1054, writ dismissed, 97-1715 (La.11/14/97), 703 So.2d 1254. Therefore, defendant's assignments of error have no merit.
Pursuant to La.C.Cr.P. art. 920, the record was also reviewed for errors patent. We note that at the time of sentencing, the trial court advised defendant that she had "a three-year time period in which to seek post-conviction relief." However, at the time of sentencing, the time period had been shortened to two years. La.C.Cr.P. art. 930.8. We therefore remand the matter and order that the trial court inform defendant of the correct provisions of La.C.Cr.P. art. 930.8, by sending appropriate written notice to defendant within ten days of this opinion, and to file written proof in the record that defendant received such notice. State v. Williams, 98-651 (La.App. 5 Cir.12/10/99), 729 So.2d 14.
Additionally, we note that defendant was charged with and convicted of La. R.S. 14:89, a "sex offense" as defined by La. R.S. 15:542E. La. R.S. 15:540, et. seq., requires registration of sex offenders. However, the trial judge did not provide written notification of the registration requirements of La. R.S. 15:542 as required by La. R.S. 15:543A. Upon review, we find that the notice requirement in La.C.Cr.P. art. 930.8C is similar to the notice requirement in La. R.S. 15:543A. Because we have *1167 found that failure to advise a defendant of the time period for filing post-conviction relief warrants a remand for notification, we find that failure to advise a defendant convicted of a sex offense of the registration requirements of La. R.S. 15:542 likewise warrants a remand for notification. We therefore remand the matter and further order that the trial court inform defendant of the registration requirements of La. R.S. 15:542, by sending appropriate written notice to defendant within ten days of this opinion, and to file written proof in the record that defendant received such notice.
AFFIRMED; REMANDED.