807 So.2d 944 (2002)
STATE of Louisiana
v.
Evelyn ANDINO.
No. 01-KA-820.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 2002.
*945 Paul D. Connick, Jr., District Attorney, 24th Judicial District, Terry Boudreaux, Mickey S. deLaup, William C. Credo, III, Assistant District Attorneys, Gretna, LA, for Appellee.
Emma Simpson Vaughn, Gretna, LA, Attorney for Appellant.
Panel composed of Judges THOMAS F. DALEY, JAMES L. CANNELLA and MARION F. EDWARDS.
MARION F. EDWARDS, Judge.
On June 28, 1998, a Jefferson Parish Grand Jury returned a bill of indictment charging the defendant, Evelyn Andino, with one count of possession with intent to distribute heroin and one count of distribution of heroin, in violation of LSA-R.S. 40:966(A). At her arraignment, Andino initially pled not guilty in proper person, but subsequently obtained counsel.
On February 14, 2001, the State amended the indictment to charge Andino with two counts of attempted distribution of heroin, violations of LSA R.S. 40:979 and 40:966(A). That same day, Andino withdrew her former plea of not guilty and pled guilty to the amended charges. In conformity with a plea agreement, the trial judge sentenced her to twenty years of imprisonment at hard labor on each of the counts, and ordered the sentences to run concurrently with each other, without benefit of parole, probation or suspension of sentence. Andino filed a timely motion for appeal.

ASSIGNMENT OF ERROR NUMBER ONE
Andino contends that her concurrent sentences of twenty years at hard labor without benefit of probation, parole or suspension of sentence are constitutionally excessive because she is a single parent, a non-violent offender, and has no prior criminal history. The State responds that LSA-C.Cr.P. art. 881.2(A)(2) precludes Andino from challenging her sentences as excessive because she was sentenced in conformity with a plea agreement. In the alternative, the State responds that the sentences are not excessive.
After sentencing, the defense made an oral motion to reconsider the sentence on the basis that Andino has a family, that she was thirty-nine years old, and had no prior criminal history. The court denied the motion, responding that those factors had already been taken into account.
LSA-C.Cr.P. art. 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."[1] This Court has consistently recognized that LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence to which the defendant agreed prior to pleading guilty.[2]
*946 The record shows that on February 14, 2001, the trial judge informed Andino of her constitutional rights, and then informed her of the sentencing range for attempted distribution of heroin, which is a minimum term of eight years of imprisonment at hard labor, and a maximum of fifty years at hard labor. Thereafter, the judge told Andino that she would receive a sentence of twenty years at hard labor on each count to run concurrently with each other and without benefit of probation, parole, or suspension of sentence, receiving credit for time served.
The record further shows that Andino signed a waiver of rights and guilty plea form, acknowledging that she understood the sentence she would receive. Finally, the record reflects that Andino read this form during the plea colloquy and indicated that she understood the terms therein.
Based on LSA-C.Cr.P. art. 881.2(A)(2), Andino cannot seek review of the sentences to which she agreed at the time of her plea.[3]
This assignment of error has no merit.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent.[4] We observe that both the commitment and the transcript reflect that the trial judge denied parole eligibility at sentencing. Neither the reference statute, LSA-R.S. 40:966(B)(1), nor the attempt statute, LSA-R.S. 40:979, provide for denial of parole eligibility.
According to LSA-C.Cr.P. art. 882(A), "[a]n illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." This Court has previously recognized that the erroneous denial of parole eligibility under LSA-R.S. 40:966(B)(1) is a patent error.[5]
Pursuant to LSA-C.Cr.P. art. 882(A), we amend the sentence to delete the word "parole" from the trial court's restriction that defendant serve her sentence without benefit of probation, parole or suspension of sentence and remand the case to the trial court for correction of the minutes and commitment as discussed hereinabove.[6]
AFFIRMED AS AMENDED; REMANDED.
NOTES
[1] In State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171, 1174, the Louisiana Supreme Court held that LSA-C.Cr.P. art. 881.2(A)(2) encompassed plea agreements involving sentencing caps as well as specific sentences.
[2] See State v. Stevenson, 00-1296 (La.App. 5 Cir. 1/30/01), 778 So.2d 1165, 1166; State v. Borchers, 97-67 (La.App. 5 Cir. 5/28/97), 695 So.2d 1054, 1057, writ dismissed, 97-1715 (La.11/14/97), 703 So.2d 1254.
[3] State v. Stevenson, supra and State v. Borchers, supra.
[4] LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
[5] State v. Short, 95-742 (La.App. 5 Cir. 1/30/96), 668 So.2d 1240.
[6] See also State v. Yancy, 93-2798 (La.5/31/96), 673 So.2d 1018.