831 So.2d 395 (2002)
STATE of Louisiana
v.
Kevin LEE.
No. 02-KA-529.
Court of Appeal of Louisiana, Fifth Circuit.
October 29, 2002.
*396 John M. Crum, Jr., District Attorney, Rodney A. Brignac, Assistant District Attorney, LaPlace, LA.
Prentice L. White, Baton Rouge, LA.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On July 10, 2000, the defendant, Kevin Lee, was charged by bill of indictment with distribution of cocaine, a violation of LSA-R.S. 40:967(A)(1). The indictment alleges that the defendant knowingly and intentionally distributed cocaine to Agent Greg Diron on June 8, 2000. On March 21, 2001, the defendant was arraigned, and he pled not guilty. However, on March 4, 2002, after being advised of his Boykin[1] rights and executing a "Waiver of Constitutional Rights and Plea of Guilty" form, the defendant withdrew his former plea of not guilty and pled guilty to the charge of distribution of cocaine. The trial court accepted the defendant's guilty plea and sentenced him to serve 20 years at hard labor with credit for time served. In addition, the trial court ordered the charges against the defendant in case number 01-221[2] to be dismissed as well as all other misdemeanors and any other cases pending against the defendant at that time. The trial court also stated that a multiple offender bill would not be filed against the defendant.
Defense counsel filed a Motion for Reconsideration of Sentence on March 22, 2002, and the defendant filed a pro se Motion for Reconsideration of Sentence on March 26, 2002. On April 2, 2002, defense counsel filed an Amended Motion for Reconsideration of Sentence. After a hearing on April 10, 2002, the defendants Motions for Reconsideration of Sentence were denied. The defendant filed a Motion for Appeal on April 11, 2002, which was granted by the trial court.

DISCUSSION
On appeal, the defendant asserts that the trial court violated his Eighth Amendment right against excessive punishment when it sentenced him to serve a term of 20 years at hard labor, because this was a non-violent offense and he was a good candidate for rehabilitation. He further argues that the trial court should not have denied his Motion for Reconsideration of Sentence, because the record reflects that the trial court failed to consider relevant mitigating factors prior to sentencing, such as his age and the nature of the offense, and the trial court failed to articulate on the record the considerations taken into account and the factual basis for *397 the particular sentence as mandated by LSA-C.Cr.P. art. 894.1.
LSA-C.Cr.P. art. 881.2 A(2) provides that, "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This provision applies both to agreed sentences and to agreed sentence ceilings or "caps." State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171, 1174.
In the present case, when the defendant withdrew his previous plea of not guilty and entered a plea of guilty as charged, he signed and initialed a "waiver of constitutional rights and plea of guilty" form in conjunction with the plea. Furthermore, the colloquy between the trial judge and the defendant before the plea indicates with certainty that the defendant knew that his plea of guilty would result in a sentence of 20 years, with no multiple offender bill, and that the charges in case number 01-221 and all pending misdemeanors and other cases would be dismissed.
The defendant cites State v. Hayes, 97-1526 (La.App. 1 Cir. 6/25/99), 739 So.2d 301, writ denied, 99-2136 (La.6/16/00), 764 So.2d 955 to support his position that his sentence is constitutionally excessive. He also cites State v. Nelson, 98-2354 (La. App. 1 Cir. 6/25/99), 741 So.2d 877, 882-883, writ denied, 99-2769 (La.3/31/00), 759 So.2d 67, to support his position that the trial court erred by not giving reasons for sentence pursuant to LSA C.Cr.P. art. 894.1. However, in both Hayes and Nelson, the defendant pled not guilty and was convicted by a jury, unlike in the instant case where the defendant agreed to his sentence as part of a plea bargain. Therefore, we find that both Hayes and Nelson are inapplicable to the instant case.
The record reveals that the defendant's sentence was imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Accordingly, the defendant is precluded from raising a claim of excessiveness of sentence on appeal, and the trial court correctly denied the defendant's Motion to Reconsider Sentence. See also State v. Stevenson, 00-1296 (La.App. 5 Cir. 1/30/01), 778 So.2d 1165; and State v. Andino, 01-820 (La. App. 5 Cir. 1/15/02), 807 So.2d 944.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). No patent errors were noted.
Although the defendant argues in his brief that the trial court incorrectly informed him that he had three, rather than two, years from the date his sentence became final in which to file an application for post-conviction relief, the record reflects otherwise. In the Waiver of Constitutional Rights and Plea of Guilty form, the defendant initialed that he understood that, pursuant to LSA-C.Cr.P. art. 930.8, No application for post conviction, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of Article 914 or Article 922.... In addition, during the plea colloquy between the trial judge and the defendant, the trial judge asked the defendant if he understood that, under LSA-C.Cr.P. art. 930.8, no application for post-conviction relief including applications which seek an out-of-time appeal shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of Article 914 or 922, and the defendant answered, Yes. Therefore, contrary *398 to the defendants assertions, the defendant was correctly advised of the time period for filing for post-conviction relief as set forth in LSA-C.Cr.P. art. 930.8.
AFFIRMED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] The record does not reflect the nature of case number 01-221.