I «MARION F. EDWARDS, Judge.
Defendant Leonardo Heredia appeals his sentence resulting from a plea of guilty to the charge of attempted distribution of heroin, a violation of LSA-R.S. 40:979 and 40:966(A).
Heredia was originally charged with possession with the intent to distribute heroin, to which charge he pled not guilty. The State subsequently amended the indictment to charge him with attempted distribution of heroin. That same day, Heredia withdrew his former plea of not guilty and entered a plea of guilty to the amended charges. In conformity with a plea agreement, the trial court sentenced him to twenty-two and a half years of imprisonment at hard labor without benefit of parole, probation or suspension of sentence, with credit for time served. Heredia made an oral motion for reconsideration of the sentence, which was denied. He now files this appeal.
Heredia asserts that the trial court erred in imposing sentence without benefits of parole, probation, or suspension of sentence. He argues that neither |3LSA-R.S. 40:966(B)(1), nor the attempt statute, LSA-R.S. 40:979, provides for denial of parole eligibility.
Louisiana courts hold that the law in effect at the time the offense was committed is determinative of the applicable penalty.[1] This rule applies to eligibility for parole.[2]
At the time Heredia committed the above offense, on or about May 8,1998, the penalty provision for a violation of LSA-R.S. 40:966(A) was set forth in LSA-R.S. 40:966(B)(1) which provided as follows:
B. Penalties for violation of Subsection A. Any person who violates Subsection A with respect to:
(1) A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk “ * ”), upon conviction shall be sentenced to life imprisonment at hard labor without benefit of probation, or suspension of sentence, and may, in addition, be required to pay a fine of not more than fifty thousand dollars, [emphasis supplied]
*19 Heredia correctly notes that the above statute does not deny parole eligibility; however, he pled guilty to attempted distribution of heroin. The penalty for attempted distribution of heroin at the time of the commission of the instant offense was set forth in LSA-R.S. 40:979 and in 1998 provided as follows:
A. Except as otherwise provided herein, any person who attempts or conspires to commit any offense, denounced and or made unlawful by the provisions of this Part shall, upon conviction, be fined or imprisoned in the same manner as for the offense planned or attempted, but such fine or imprisonment shall not exceed one-half of the punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
B. Any person who attempts or conspires to distribute or possess with intent to distribute any substance classified in Schedule I, as provided for in R.S. 40:968 and R.S. 40:964, which is a narcotic drug shall upon conviction, be imprisoned at hard labor for not less than eight nor more than fifty years without benefit of parole, probation or suspension of sentence and may, in addition, be required to pay a fine of not more than ten thousand dollars.
|4Since heroin was/is classified as a narcotic drug under Schedule I, as provided in LSA-R.S. 40:964(B)(11) Heredia was properly sentenced under the 1998 penalty provisions in LSA-R.S. 40:979(B) which provided that a defendant be imprisoned at hard labor for not less than eight nor more than fifty years without benefit of parole, probation or suspension of sentence. Thus the trial court did not err in sentencing defendant without benefit of parole. This assignment of error is without merit.
Heredia also avers that his sentence of twenty-two and a half years at hard labor without benefit of probation, parole or suspension was constitutionally excessive. He also argues that the trial court did not consider the factors set forth under LSA-C.Cr.P. art. 894.1.
LSA-C.Cr.P. art. 881.2(A)(2) provides that a “defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This Court has consistently recognized that LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence to which the defendant agreed prior to pleading guilty.[3]
The record reflects that Heredia’s sentence was imposed in conformity with a plea agreement. On February 14, 2001, the trial court informed Heredia of his constitutional rights and of the sentencing range for attempted distribution of heroin, and then informed him that he would receive a sentence of twenty-two and a half years at hard labor without benefits. On that date, Heredia executed a Waiver of Constitutional Rights Plea of Guilty form, indicating that he understood his sentence in the case would be twenty-two and one-half years at hard labor without benefits. At the plea colloquy, after Heredia was specifically informed of the sentence, he questioned the meaning of the “without benefits” portion of the ^sentence. The trial judge subsequently explained that the sentence was without benefit of probation, parole or suspension of sentence, to which Heredia acknowledged his understanding. He was then sentenced consistent with the plea agreement.
*20 On these facts, based on LSA-C.Cr.P. art. 881.2(A)(2), Heredia cannot seek review of the sentences to which he agreed at the time of his plea. This assignment of error is without merit.
Our review of the record for errors patent [4] reveals no such errors patent.
For the foregoing reasons, we affirm the conviction and sentence.
AFFIRMED.

. State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518; State v. Cook 02-104 (La.App. 5 Cir. 5/29/02), 820 So.2d 1144.

. See State v, Lewis, 01-1084 (La.App. 5 Cir. 3/13/02), 815 So.2d 166, writ denied 2002-1053 (La. 11/15/02), 828 So.2d 424.

. State v. Andino, 01-820 (La.App. 5 Cir. 1/15/02), 807 So.2d 944, 945; State v. Stevenson, 00-1296 (La.App. 5 Cir. 1/30/01), 778 So.2d 1165, 1166.

. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990).