CLARENCE E. McMANUS, Judge.
 

 ^Defendant, Lyncarl White, was convicted of distribution of heroin, a violation of LSA-R.S. 40:966 A, and sentenced to 20 years at hard labor. After the denial of his motion to reconsider sentence, the trial court granted his timely motion for appeal.
 

 In 2008, the St. Charles Parish Sheriffs Office conducted “Operation Sleigh Ride,” a year-long undercover investigation triggered by citizen complaints of illegal narcotics activity around the Cart-N-Carry convenience store on West B Street at the corner of River Road in Norco. The investigation was directed by Detective Marlon Schuff.
 

 Undercover agent Charles Franklin was assigned to engage in narcotics buys in that area. Other officers performed surveillance in the area for Agent Franklin’s protection. In December of 2008, the officers conducted a “roundup” of the subjects from whom Agent Franklin had purchased narcotics during the operation.
 

 The operation targeted specific people who were known dealers in the area around the Cart-N-Carry. Some of those dealers would not sell directly to Agent Franklin, who was a stranger to them. Thus, Franklin befriended individuals who helped him by brokering narcotics sales between him and those dealers.
 

 |sAt trial, Agent Charles Franklin testified he works part-time in the narcotics division of the St. Charles Parish Sheriffs Office. He is also the property manager for a large Christian church. He received no compensation for participating in Operation Sleigh Ride; he did the undercover work as a way of “giving back” to the community. Agent Franklin testified that in his undercover role he posed as a construction worker, and he dressed and acted the part.
 

 On July 30, 2008, Agent Franklin purchased heroin from the defendant, through Brandy Johnson. Agent Franklin met Brandy Johnson on West B Street during the course of the narcotics operation. Franklin first met defendant on West B Street on July 16, 2008.
 

 Agent Franklin testified that on July 30, 2008, he met with Detective Schuff and obtained currency with which to make narcotics purchases. Using an unmarked vehicle, Agent Franklin picked up Brandy Johnson from her residence at 34 West B Street. He drove her to 47 West B Street, the home of Arnold and Melissa Sylvestri. Ms. Johnson bought heroin there. Then Agent Franklin and Ms. Johnson went to Cart-N-Carry. Next defendant entered the store with some other people, and Agent Franklin spoke to him briefly.
 

 Agent Franklin and Ms. Johnson exited the store. Agent Franklin went to his vehicle in the parking lot and spoke with a few people there. Agent Franklin told Ms. Johnson he was interested in buying some heroin. She said she would find out if any heroin was available. Ms. Johnson left the area, and returned to Cart-N-Carry and told Franklin to give her some money. After Agent Franklin gave Ms. Johnson 40 dollars, she rode her bike down the street to defendant, from whom she purchased heroin. When she returned, she and Agent Franklin got into Franklin’s truck. Ms. Johnson gave Franklin the heroin and he placed it in the glove box
 
 *311
 
 between the bench seats in his truck. Agent Franklin testified that the | transaction occurred at about 6:40 p.m., and there was daylight at that time. The transaction between Ms. Johnson and defendant was observed by Franklin, and also by Detective Dubus who was viewing the area from a concealed location on the levee across the street from Cart-N-Carry.
 

 Detective Dubus, who was using binoculars, testified that he saw Franklin hand some money to Ms. Johnson, who rode her bike over to defendant. She handed the money to defendant, who appeared to count it and then hand something to her. She then rode her bike back to Franklin, while clenching something in her right hand. When Ms. Johnson got to Franklin, she dropped her bike and the two went into Franklin’s truck.
 

 Agent Franklin testified that at the end of his shift, he gave the heroin to Detective Schuff. Franklin identified defendant in court as the person who sold him the heroin.
 

 At trial, Brandy Johnson testified that she was 46 years old. She was charged as a co-defendant in this case, and she entered into a plea agreement with the State in exchange for her testimony. She testified that she has used heroin and crack cocaine. She further testified that on July BO, 2008, she bought heroin from defendant for Agent Franklin.
 

 In his only allegation of error, the defendant alleges that the trial court imposed an excessive sentence since it was twice the sentence he rejected as a plea offer before trial. He also argues that his 20-year sentence is unconstitutionally excessive and that the trial court failed to consider the sentencing guidelines in LSA-C.Cr.P. art. 894.1. The State responds that the 20-year sentence is supported by the record and by defendant’s lengthy criminal record. Defendant’s sentencing exposure for heroin distribution was five to 50 years at hard labor, at least five | 5years of which were required to be served without benefit of probation or suspension of sentence. LSA-R.S. 40:966 B(l).
 

 After the imposition of sentence, defendant filed a motion to reconsider sentence, which was denied by the trial court. In his motion, defendant did not argue that the trial court failed to follow the sentencing guidelines of Article 894.1. The failure to make or file a motion to reconsider sentence or to state the specific grounds on which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness only.
 
 State v. Fuller,
 
 07-319, pp. 8-9 (La.App. 5 Cir. 2/19/08), 980 So.2d 45, 50,
 
 writ denied,
 
 08-0705 (La.10/10/08), 993 So.2d 1282.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 State v. Crawford,
 
 05-494, p. 6 (La.App. 5 Cir. 1/31/06), 922 So.2d 666, 669.
 

 Three factors to be considered in reviewing a sentence for excessiveness are: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentences imposed for similar crimes by the same court and other courts.
 
 State v. Tracy,
 
 02-0227, p. 21 (La.App. 5 Cir. 10/29/02), 831 So.2d 503, 516,
 
 writ denied,
 
 02-2900 (La.4/4/03), 840 So.2d 1213. The review of sentences under LSA-Const. art. 1, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case.
 
 State v. Williams,
 
 07-1111 (La.12/7/07), 969 So.2d 1251 (per curiam). When an
 
 *312
 
 appellate court is reviewing a sentence, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court | ^abused its broad sentencing discretion.
 
 State v. Walker,
 
 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462 (per curiam).
 

 At the time of sentencing, the trial court had before it a pre-sentence investigation (PSI) report from the Department of Corrections, Division of Probation and Parole. The report, which is included in the exhibits folder of the appellate record, shows defendant was 29 years old at the time of sentencing, and he was a third felony offender. The PSI report also shows defendant admitted to being a heroin addict. He only attended treatment once,
 
 in 2003,
 
 in compliance with a court order. He did not follow the program. Instead, he figured out how to pass the drug screenings and he had someone else sign in for him at meetings.
 

 The PSI report shows defendant had been arrested 11 times in the past ten years. He has prior convictions for possession of cocaine, marijuana, and drug paraphernalia, unauthorized entry of an inhabited dwelling, simple battery, and aggravated assault. The report indicated that defendant refused to accept responsibility for any of those offenses. The recommendation of the Department of Corrections was that defendant be multiple billed as a third offender,
 
 [1]
 
 and that he be sentenced to a term of no less than 25 years.
 

 The trial judge gave extensive reasons for sentencing. He stated that he considered the PSI report and its recommendations. He noted that he was aware of the State’s pre-trial plea offer, and the fact that defendant had rejected the offer would not influence him with regard to sentencing. The judge further stated, “What is discerning to the Court is your repeated criminal history.” The judge commented that each time defendant had been put on probation in the past, he had resisted rehabilitation.
 

 |7The judge took into account some of the factors listed under Article 894.1. He found that defendant was in need of correctional treatment in a custodial environment, and that a lesser sentence would deprecate the seriousness of defendant’s offense. The judge noted that the offense of heroin distribution was once punishable by life imprisonment, and that after the State reduced the sentencing exposure, heroin use had made a comeback in Louisiana.
 

 In his motion to reconsider sentence, defendant listed numerous factors he wished the trial court to consider, including his children, his long-term battle with drug addiction, credibility issues regarding State witness Brandy Johnson, and the improper admission of certain evidence at trial. In denying defendant’s motion to reconsider sentence, the trial court stated, in part:
 

 The Court considered all relevant factors to this case and this defendant when it imposed sentence on the defendant. While the Court will always be willing to consider additional relevant factors that were not known to this Court in the sentencing process, the Court does not find that to be the case here. Rather, the Court believes that, all things considered, defendant’s sentence herein is a fail' sentence.
 

 Defendant now argues he has struggled with drug addiction, and that he has never
 
 *313
 
 received adequate treatment. But based on the PSI report, defendant admitted he had been in court-ordered drug treatment, but that he had purposely circumvented the process.
 

 Defendant complains that the judge stated at sentencing he would not penalize defendant for choosing to go to trial rather than plead guilty, but that the judge nevertheless had sentenced him to double the term he was offered in the plea deal.
 
 [2]
 
 He further argues that the trial court did not consider witness Brandy Johnson’s credibility problems in arriving at his sentence. There is no authority for defendant’s assertion that the credibility of witnesses is a factor the court must consider in Isimposing sentence. See
 
 State v. Brooks,
 
 03-391, pp. 5-6 (La.App.9/16/03), 858 So.2d 74, 77-78. Similarly, the trial court was not required to consider a pre-trial plea offer in formulating defendant’s sentence.
 
 State v. Smith,
 
 407 So.2d 652 (La.1981).
 
 [3]
 

 We also note that the 20-year sentence is consistent with sentences for similar offenses imposed by other courts. See
 
 State v. Heredia,
 
 02-1162 (La.App. 5 Cir. 4/29/03), 847 So.2d 17,
 
 writ denied,
 
 03-1506 (La.12/12/03), 860 So.2d 1151;
 
 State v. Andino,
 
 01-820 (La.App. 5 Cir. 1/15/02), 807 So.2d 944.
 

 Based on defendant’s extensive criminal history, his refusal to cooperate with drug treatment, and the seriousness of the instant offense, we do not find any abuse of the trial court’s broad sentencing discretion in sentencing defendant to 20 years. This assignment lacks merit.
 

 We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990) and note the following errors.
 

 There appears to be a discrepancy in the record with respect to how many jurors concurred in the verdict. The transcript of trial reflects that when the jury completed deliberations and returned to the courtroom, the court clerk received the written verdict and stated that the jury found defendant guilty. The judge asked the jury’s foreman if the verdict was unanimous, and the foreman replied, “No.” The judge polled the jury by asking each juror individually if the guilty verdict was his or her verdict. Each of the 12 jurors responded, “Yes.” After each juror had given a response, juror Triche stated that he didn’t understand the question, and that the guilty verdict was not his verdict. With Triche being the only juror who ^responded, “No,” the total vote should have been 11 to one. But the judge— seemingly by mistake — declared the count to be ten to two.
 

 The minute entry shows that jurors Eldridge P. Triche and Harold W. Blood voted “No.” But the transcript shows Mr. Blood responded, “Yes” during the polling. When the transcript and the minute entry conflict, the transcript prevails.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.App.1983). Accordingly, we remand this matter and order the trial court to
 
 *314
 
 amend the minute entry to conform to the transcript.
 
 [4]
 

 We also find that the trial court imposed an illegally lenient sentence. LSA-R.S. 40:966 B(l) requires that at least five years of the sentence for distribution of heroin be served without benefit of probation or suspension of sentence. The trial court did not impose such a restriction in sentencing defendant. The trial court’s failure to impose the statutory restrictions is not cured by LSA-R.S. 15:301.1, because the portion of the sentence to be served without benefits is left to the discretion of the trial court. We therefore vacate defendant’s sentence and remand to the trial court for re-sentencing in accordance with the provisions of LSA-R.S. 40:966 B(l). See
 
 State v. Brown,
 
 04-1194, pp. 12-13 (La.App. 5 Cir. 4/26/05), 902 So.2d 542, 550,
 
 writ denied,
 
 05-1637 (La.2/3/06), 922 So.2d 1173.
 

 We also note that the trial court erred in failing to fully advise defendant of the two-year prescriptive period for filing for post-conviction relief under LSA-C.Cr.P. art. 930.8. The judge informed defendant, “Under Louisiana’s Code of Criminal Procedure, for postconviction [sic] relief you have two years from date of finality to file for postconviction [sic] relief.” The article provides that a defendant has two years “after the judgment of conviction and sentence has become final” in |inwhich to file an application for post-conviction relief. Since the trial court will be required to re-advise defendant upon re-sentencing, the error requires no corrective action.
 
 State v. Brown, supra.
 

 For the above discussed reasons, defendant’s conviction is affirmed; his sentence is vacated and this matter is remanded for resentencing and for the trial court to order correction of the minute entry in accordance with this opinion,
 

 CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
 

 [1]
 

 . At the time of sentencing, the State noticed its intention to file a habitual offender bill of information. There is no habitual offender bill in the record, and it is not part of this appeal.
 

 [2]
 

 . On April 20, 2009, defense counsel informed the trial court, on the record, that defendant wished to reject the State's offer of a ten-year sentence with no multiple bill, and proceed to trial.
 

 [3]
 

 . In
 
 State v. Smith, supra,
 
 407 So.2d at 657, the Louisiana Supreme Court stated, "the fact that defendant did not accept a plea bargain is not a factor listed in La.C.Cr.P. art. 894.1, nor is the judge’s opinion of the witness' credibility. These are not facts that can form part of the basis for the sentence under the statute."
 

 [4]
 

 . Regardless of whether the jury count was 11 to one or ten to two, the concurrence was sufficient to convict. LSA-C.Cr.P. art. 782 provides that "[cjases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.” Under LSA-R.S. 40:966 B(l), the punishment for distribution of heroin is necessarily confinement at hard labor.