CHEHARDY, C.J.
*801 On appeal, Willie Thornton, defendant herein, challenges his parole ineligibility under La. R.S. 40:969. For the following reasons, we affirm defendant's underlying convictions and sentences, as well as defendant's multiple offender adjudication and enhanced sentence, and remand for correction of the commitments.
Facts and Procedural History
Because defendant pled guilty, the facts were not fully developed at a trial. However, during the guilty plea colloquy, the State provided the following factual basis for the guilty pleas:
Willie Thornton engaged in conduct to further the aims of an Enterprise by engaging in a pattern of racketeering activity and conspiring with members of the Enterprise to distribute controlled dangerous substances, including cocaine, heroin, and marijuana. This conduct, which occurred between 2006 and 2015, included participating in the operation of a narcotics distribution network on the Westbank of Jefferson Parish wherein a violent street gang, named by its members the "Harvey Hustlers," obtained controlled dangerous substances from associates and Enterprise members who transported the drugs into the metropolitan New Orleans area.
The ranking members of the Harvey Hustlers then directed the conversion of these drugs into a saleable form, such as converting powder cocaine to crack cocaine, and provided the drugs to rank and file Harvey Hustlers who sold the drug product on the street for the profit of Enterprise members.
Members of the Enterprise who engaged in this activity on a daily basis included all of those folks-all those individuals who are named in the Bill of Indictment.
Members of the Harvey Hustlers frequently identified themselves openly through items of jewelry and clothing containing a[n] "HH" logo, tattoos containing phrases identified with the gang, social media posts, and YouTube videos.
The Enterprise members and their associates engaged in acts of violence to protect the perceived interests of the Enterprise's members, exact revenge upon enemies of Enterprise members, punish Enterprise members whose conduct displeased Enterprise leaders and to develop a reputation of the Harvey Hustlers as a group to be feared by members of the community.
Mr. Thornton, among other acts, on December 12th, 2011, distributed cocaine to a confidential informant working with the FBI. Mr. Thornton also on November 18th, 2013, along with Robert Williams, Alcus Smith, and Brandon Motton possessed cocaine having intent to distribute that cocaine.
On February 26, 2015, the Jefferson Parish grand jury indicted defendant and twenty other co-defendants on thirty criminal counts for various acts of racketeering committed in furtherance of a narcotics distribution network in Jefferson Parish operated by a street gang known as the "Harvey Hustlers." Specifically, defendant was charged with five counts: racketeering, in violation of La. R.S. 15:1352 ; conspiracy to distribute cocaine, in violation of La. R.S. 40:979 and La. R.S. 40:967(A) ; conspiracy to distribute heroin and marijuana, in violation of La. R.S. 40:979 and La. R.S. 40:966(A) ; distribution of cocaine, in violation of La. R.S. 40:967(A) ; and possession with intent to distribute cocaine, in violation of La. R.S. 40:967(A). At his arraignment *802 on March 9, 2015, defendant pled not guilty to the charged offenses.
On January 13, 2016, defendant withdrew his prior pleas of not guilty and pled guilty as charged. In accordance with the plea agreement, the court sentenced defendant as follows: for racketeering, twenty years imprisonment at hard labor; for conspiracy to distribute cocaine, fifteen years imprisonment at hard labor; for conspiracy to distribute heroin, twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence; for distribution of cocaine, twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence for the first two years; and for possession with intent to distribute cocaine, twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence for the first two years. The court further ordered that all of defendant's sentences be served concurrently.
Also, on January 13, 2016, the State filed a multiple offender bill of information on the conspiracy to distribute cocaine count alleging defendant to be a second felony offender, to which defendant stipulated. The trial court vacated defendant's sentence for conspiracy to distribute cocaine, and resentenced defendant as a second felony offender under La. R.S. 15:529.1, to twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence to run concurrently with his other sentences.
On April 5, 2017, defendant filed an application for post-conviction relief requesting an out-of-time appeal, which was granted by the trial court on June 12, 2017. This appeal follows.
Discussion
On appeal, defendant raises two assignments of error: first, defendant argues that the statutory prohibition on parole eligibility for conspiracy to distribute heroin is erroneous and violates the federal and state constitutional guarantees against cruel and unusual punishment, and, second, defendant argues that this Court should remand this matter for a hearing on his ineffective assistance of counsel claim presented in his application for post-conviction relief.
In his first assignment of error, defendant alleges that his guilty plea to conspiracy to distribute heroin was unconstitutional. Specifically, defendant contends that, due to an error by the Louisiana Legislature, the penalty for conspiracy to distribute heroin found in La. R.S. 40:979[1] is "substantially more severe" than the penalty for heroin distribution in La. R.S. 40:966[2] because parole eligibility is prohibited by the conspiracy statute. Consequently, *803 defendant, relying on State v. Allen , 03-192 (La. App. 4 Cir. 5/28/03), 849 So.2d 82, 85-87,[3] argues that the penalty for those who conspire to distribute heroin is cruel and unusual because they are not eligible for parole, while those offenders that actually distribute heroin are eligible for parole.
In its brief, the State responds that defendant, who failed to raise this issue in the lower court, is precluded from raising the constitutionality of a statute for the first time on appeal. The State further submits that, to the extent defendant may be challenging his sentence as being constitutionally excessive, he is precluded from raising this issue on appeal as his sentence was imposed in conformity with his plea agreement.
Further, when the Louisiana Attorney General's Office was notified pursuant to La. R.S. 13:4448 that defendant challenged the constitutionality of a statute on appeal, the Attorney General filed its brief, arguing that defendant is procedurally barred from raising this error on appeal as he failed to raise the issue at the trial court and serve the Louisiana Attorney General's Office, as required by La. C.C.P. art. 1880. Moreover, the Attorney General contends that by entering into a plea agreement, defendant is prohibited from seeking review of his sentence on appeal, except for excessiveness, which he has not established.
The record in this matter reflects that defendant pled guilty to various crimes, including conspiracy to distribute heroin, after being properly advised of his Boykin[4] rights. The trial judge advised defendant of the nature of the charges against him; the sentencing ranges for the offenses, including the restriction of parole for conspiracy to distribute heroin under La. R.S. 40:979(B) ; and the sentences that would be imposed upon acceptance of his guilty pleas. Defendant indicated that he understood the nature of the charges against him and the possible penalties that could be imposed, including the denial of parole eligibility.
Pursuant to the plea agreement set forth in the record, the trial judge sentenced defendant to twenty years at hard labor, without the benefit of parole, probation, or suspension of sentence for conspiracy to distribute heroin. Most importantly, defendant, at no point, objected to the sentence or raised the constitutionality of the penalty portion of La. R.S. 40:979(B).
A statute is presumed constitutional and the burden of proving a claim of unconstitutionality rests upon the party attacking the statute. State v. Interiano , 03-1760 (La. 2/13/04), 868 So.2d 9, 13. The constitutionality of a statute must first be presented in the trial court. State v. Mickel , 07-47 (La. App. 5 Cir. 5/29/07), 961 So.2d 516, 526, writ denied , 07-1422 (La. 1/7/08), 973 So.2d 732. A party contesting the constitutionality of a statute has a three-tiered burden: 1) the presentation must be made in the trial court; 2) the claim of unconstitutionality must be specially pled; and 3) the grounds for the *804 claim must be particularized. Mickel , supra .
In this case, defendant did not raise the constitutionality of the restriction on parole set forth under La. R.S. 40:979 in the trial court. Accordingly, to the extent that defendant challenges the constitutionality of La. R.S. 40:979, that argument is procedurally barred as it cannot be raised for the first time on appeal. See State v. Wise , 14-378 (La. App. 5 Cir. 10/15/14), 182 So.3d 63, 78 ; State v. Oliver , 03-416 (La. App. 5 Cir. 12/29/09), 30 So.3d 946, 951, writ denied , 10-0271 (La. 9/17/10), 45 So.3d 1041 ; State v. Mickel , 961 So.2d at 526-27.
We turn next to defendant's claim that he is not challenging the constitutionality of the statute but the fact that his parole ineligibility results in a sentence that is constitutionally excessiveness, i.e., a violation of the Eighth Amendment's prohibition on cruel and unusual punishment.
As noted above, defendant's sentence for conspiracy to distribute heroin was imposed pursuant to, and in conformity with, the plea agreement entered into by defendant. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore , 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46 ; State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence to which the defendant agreed prior to pleading guilty. State v. Andino , 01-820 (La. App. 5 Cir. 1/15/02), 807 So.2d 944, 945 ; State v. Stevenson , 00-1296 (La. App. 5 Cir. 1/30/01), 778 So.2d 1165, 1166. Accordingly, we find that, pursuant to La. C.Cr.P. art. 881.2(A)(2), defendant cannot seek review of his sentence for conspiracy to distribute heroin to which he agreed at the time of his plea. See State v. Heredia , 02-1162 (La. App. 5 Cir. 4/29/03), 847 So.2d 17, writ denied , 03-1506 (La. 12/12/03), 860 So.2d 1151 (trial court did not err in sentencing defendant without benefits under La. R.S. 40:979 and defendant was precluded from challenging the alleged excessiveness of his sentence per La. C.Cr.P. art. 881.2(A)(2) ). Accordingly, this assignment was not considered.
In his final assignment of error, defendant seeks remand of this matter to allow him to pursue his claim of ineffective assistance of counsel. He claims that he pled guilty under the advice of his attorney that he would be eligible for parole after serving eight to twelve years of his sentence. Defendant maintains his claim is supported by correspondence from his attorney, which was attached to his application for post-conviction relief. He contends that, if he was granted an evidentiary hearing, he could show that his plea rested on the promise of parole eligibility and the absence of parole eligibility vitiates his consent to the plea.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant's right to effective assistance of trial counsel. State v. Thomas , 12-1410 (La. 9/4/13), 124 So.3d 1049, 1053. According to the United States Supreme Court's opinion in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffective assistance claim must show: 1) that defense counsel's performance was deficient and 2) that the deficiency prejudiced the defendant. The defendant has the burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine *805 confidence in the outcome." Strickland , 466 U.S. at 694, 104 S.Ct. at 2068.
The Louisiana Supreme Court has held that the two-part analysis of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), relative to ineffective assistance of counsel claims, applies to challenges to guilty pleas based upon ineffective assistance of counsel. State v. Crawford , 15-0784 (La. 10/2/15), 176 So.3d 394, cert denied , --- U.S. ----, 136 S.Ct. 1454, 194 L.Ed.2d 557 (2016) ; State v. Washington , 491 So.2d 1337, 1338 (La. 1986).
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, rather than by direct appeal. State v. Jones , 13-99 (La. App. 5 Cir. 8/27/13), 123 So.3d 758, 765. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La. C.Cr.P. arts. 924 - 930.8. State v. Taylor , 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595.
Here, although the record contains defendant's application for post-conviction relief, with a letter from defendant's trial counsel, assuring him "as we have previously discussed, your sentence leaves you legally eligible for parole," we cannot say that the record before us is sufficient to fully explore defendant's claim that his trial counsel was ineffective for allegedly misinforming him regarding his parole eligibility. See State v. Hartshorn , 09-47 (La. App. 5 Cir. 11/10/09), 25 So.3d 172, writ denied , 09-2654 (La. 6/4/10), 38 So.3d 298 (where the defendant's argument that his counsel's incorrect advice and inducements forced him to plead guilty and constituted ineffective assistance of counsel could not be properly considered on appeal). Based on the limited record on appeal, we find that defendant's ineffective assistance of counsel claim would be more appropriately raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary.[5]
Errors patent
Finally, as per our routine practice, the record was reviewed for errors patent, according to La. C.Cr.P. art. 920. We note several discrepancies between the commitment, multiple offender commitment, Louisiana Uniform Commitment Order (UCO), multiple offender UCO (MO-UCO), and the transcript. According to State v. Lynch , 441 So.2d 732, 734 (La. 1983), if "there is a discrepancy between the minutes and the transcript, the transcript must prevail."
First, the commitment and the UCO provide that defendant pled guilty on count nineteen to distribution of cocaine, when defendant in fact pled guilty to possession with intent to distribute cocaine.
Second, according to the transcript, after sentencing, the trial court recommended that defendant participate in any available self-help programs offered through the Department of Corrections; however, this recommendation is only contained on the UCO and is not set forth on *806 the commitment, multiple offender commitment, or the MO-UCO.
Third, the transcript and the commitment contain the trial court's order that defendant's sentence on count three be served without benefit of parole, probation, or suspension of sentence, and that the first two years of defendant's sentences on counts six and nineteen be served without benefit of parole, probation, or suspension of sentence; however, the UCO does not contain these restrictions.
This Court has previously remanded a case for correction of the commitments and UCOs in an errors patent review. See State v. Lyons , 13-564 (La. App. 5 Cir. 1/31/14), 134 So.3d 36, writ denied , 14-0481 (La. 11/7/14), 152 So.3d 170. Accordingly, we remand this matter and hereby order the district court to correct the noted discrepancies in the commitments and UCO/MO-UCOs. We also direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected commitments and UCO/MO-UCOs to the appropriate authorities in charge of the institution to which defendant has been sentenced and the Department of Corrections' legal department. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 (citing La. C.Cr.P. art. 892(B)(2) ).
Decree
For the foregoing reasons, we affirm defendant's underlying convictions and sentences as well as defendant's multiple offender adjudication and enhanced sentence. Further, we remand for correction of the commitments as set forth above.
AFFIRMED; REMANDED FOR CORRECTION OF THE HARD LABOR COMMITMENTS AND UNIFORM COMMITMENT ORDERS

La. R.S. 40:979(B) sets forth the penalty provisions for conspiracy to distribute heroin, which is classified as a *Schedule 1 narcotic drug, as follows:
Any person who attempts or conspires to distribute or possess with intent to distribute any substance classified in Schedule I, as provided for in R.S. 40:963 and R.S. 40:964, which is a narcotic drug (all substances in Schedule I preceded by an asterisk "*") shall, upon conviction, be imprisoned at hard labor for not less than eight nor more than fifty years without benefit of parole, probation or suspension of sentence and may, in addition, be required to pay a fine of not more than ten thousand dollars.

La. R.S. 40:966(B)(1), which provides the penalty for any person who violates the provisions of La. R.S. 40:966(A) with respect to certain narcotic drugs, including distribution of heroin, reads, in pertinent part: Any person convicted of violating that statute with respect to the specified narcotic drugs shall "upon conviction ... be sentenced to imprisonment for not less than [five] nor more than fifty years at hard labor at least [five years] of which shall be served without benefit of probation, or suspension of sentence ...."

In Allen , supra , the defendant was convicted by a jury of attempted possession of heroin with intent to distribute. The fourth circuit addressed the merits of defendant's argument regarding the excessive nature of his sentence imposed without benefit of parole and found defendant's sentence for attempted possession with intent to distribute was excessive. Unlike the matter at hand, the defendant in Allen did not enter into a plea agreement that clearly stated that his sentence for conspiracy to distribute heroin was to be served without parole, probation, or suspension of sentence.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Defendant will have to satisfy the requirements of La. C.Cr.P. art. 924, et seq., to receive a hearing.