WINDHORST, J.
| defendant, Ryan Joseph Módica, pled guilty to one count of introducing or possessing contraband into a municipal, parish prison, or jail, in violation of La. R.S. 14:402E.[1] In accordance with the plea agreement, the trial court sentenced defendant to six years with the Department of Corrections and ordered that his sentence run concurrently with any other sentence he was serving.[2] After the denial of *963 his pro se motion for reconsideration of sentence, defendant requested an appeal, alleging he was wrongfully sentenced to six years when the maximum penalty authorized by statute was five years. For the reasons that follow, we affirm defendant’s conviction and sentence.
Because defendant pled guilty, the facts were not fully developed at trial. However, in the bill of information, the State alleged that on or about March 4, 2015, defendant violated La. R.S. 14:402E in that he possessed or introduced or attempted to introduce contraband into the premises of a municipal or parish prison or jail; or sent, took, or gave or attempted to send, take, or give any contraband to an inmate of a municipal or parish prison or jail. During preliminary examination, Deputy Glenn Steadman testified that after defendant turned himself in at the St. John Parish jail and had proceeded through “booking,” marijuana was found in his shoe during the “pat down.” During defendant’s plea colloquy, he was told he was “charged with introducing or possessing cannabinoids in the parish prison, in violation of 14:402 .E [.sic ].”
In his only assignment of error, defendant argues that his sentence is illegally excessive. He contends that the statute for which he was convicted, La. |?R.S. 14:402, only authorizes a maximum penalty of five years. He argues that since he was sentenced to six years, his sentence exceeds the statutory mandate and must be corrected. Further, defendant avers that his sentence is constitutionally excessive because his sentence is over the maximum statutory limit, which should be considered grossly disproportionate and should shock this Court’s sense of justice. He alleges that the trial court erred in imposing an illegal and excessive sentence, and requests that it be vacated and a legal sentence be imposed.
La. C.Cr.P. art. 881.2 A(2) provides that a “defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This Court has consistently recognized that La. C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sentence to which the defendant agreed prior to pleading guilty. See State v. Stevenson, 00-1296 (La.App. 5 Cir. 01/30/01), 778 So.2d 1165, 1166. However, under La. C.Cr.P. art. 881.2 A(l), the defendant may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted. The record reflects that defendant was sentenced in accordance with a plea agreement that was set forth in the record at the time of the plea. However, because defendant claims that his sentence exceeds the maximum sentence authorized by the statute in question, we find that the issue raised by defendant on appeal is properly before us.
La. R.S. 14:402 E makes it unlawful to introduce, possess or send contraband into, within or from any municipal or parish prison or jail. According to La. R.S. 14:402G, the penalty for a violation of La. R.S. 14:402 E is a fine of not less than two hundred fifty dollars and not more than two thousand dollars, and imprisonment with or without hard labor for not more than five years. However, La. R.S. 14:402 G further provides that when the contraband at issue is a controlled dangerous substance, whoever is convicted of introducing or possessing such (¡¡contraband into a municipal or parish prison or jail “shall be punished in accordance with the penalties for the distribution of the con *964 trolled dangerous substance provided in R.S. 40:961 et seq.”
The guilty plea form in the instant matter reflects that defendant pled guilty to La. R.S. 14:402 E(5), introducing canna-binoids in the parish prison, and therefore the applicable sentencing range is set forth in La. R.S. 40:966 B(3), which provides the penalties for distribution of marijuana:
... a substance classified in Schedule I which is marijuana, tetrahydrocannabi-nols, or chemical derivatives of tetrahy-drocannabinols, or synthetic cannabi-noids shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars.
Although defendant argues that his five-year sentence exceeded the statutory maximum, his argument is misplaced as the applicable statutory provisions provide for a sentence of at least five years with a maximum sentence of thirty years. Defendant was informed of the applicable sentencing range in the guilty plea form and again during the plea colloquy. Defendant received a sentence of six years imprisonment, well within the statutory provisions. Accordingly, we find that defendant’s sentence did not exceed the maximum sentence authorized by the statute under which defendant was convicted. This assignment of error is without merit.
We have reviewed the record for errors patent according to the mandates of La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990), and find none which require our corrective action.
The record reflects that the trial court failed to impose the mandatory fine provided by La. R.S. 14:402 and La. R.S. 40:966. Therefore, defendant received an illegally lenient sentence. While finding the omission of the imposition of a |4fine in such cases to be error, this Court has, as a matter of discretion pursuant to La. C.Cr.P. art. 882, declined to correct an illegally lenient sentence based on the defendant’s indigent status. See State v. Campbell, 08-1226 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081, writ denied, 09-1385 (La. 2/12/10), 27 So.3d 842. In the present case, defendant is indigent as indicated by his representation by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases. Due to defendant’s indigent status, we decline to remand this matter for imposition of the mandatory fine.
For the above discussed reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED

. Defendant was charged in a bill of information with introducing into or possessing contraband in a municipal, parish prison, or jail, in violation of La. R.S. 14:402 E (count one); and with possession of synthetic marijuana, in violation of La. R.S. 40:966 C (count two). Pursuant to the plea agreement, count two was dismissed.

. At the same time, defendant pled guilty to one count of second degree battery in violation of La. R.S. 14:34.1 and was sentenced to four years with the Department of Corrections to run concurrently with the sentence in the instant case. Defendant also filed an appeal from that guilty plea and sentence, which was affirmed by this Court. See State v. Modi *963 ca, 16-320 (La. App. 5 Cir. 02/08/17) — So.3d —, 2017 WL 511868.