WINDHORST, J.
| iDefendant, Ryan Joseph Módica, pled guilty to second degree battery, in violation of La. R.S. 14:34,1. In accordance with a plea agreement, the trial judge sentenced defendant to four years with the Department of Corrections and ordered that his sentence run concurrently with any other sentence he was serving. This appeal followed.[1] For the following reasons, we affirm defendant’s conviction and sentence.
Defendant pled guilty and thus, the facts were not fully developed at trial. However, in the bill of information, the State alleged that on or about May 18, 2015, defendant committed a battery upon Kelvin Jones without his consent with the intention of inflicting serious bodily injury. Also, during the guilty plea colloquy, the trial judge questioned defendant concerning the “factual circumstances surrounding the battery” and ascertained that defendant on May 18, 2015, did commit a second degree battery.
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests permission to withdraw as counsel of record.
After receiving appellant counsel’s brief and motion to withdraw, this Court performed a full examination of the entire appellate court record to determine whether the appeal is frivolous in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 .(1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam).
|aOur independent review of the record in this case consisted of (1) a review of the bill of information to ensure that defendant was properly charged; (2) a review of all minute entries to ensure that defendant was present at all crucial stages of the proceedings and that the conviction and sentence are legal; and (3) a review of the guilty plea and sentencing transcript to determine if there was an arguable basis for appeal. Having conducted this review, we found no non-frivolous issues regarding defendant’s convictions and sentences.
Defendant, in a pro se letter to the trial court, requested that he be permitted to withdraw his guilty plea because he was “threatened with the fact that if [he] didn’t accept the plea at that time [he] will get multi-billed.” The record reflects that the potential prosecution of defendant as a multiple offender was discussed extensively at the time he entered his plea, and that the trial court explained that his plea was being tendered, in part, in exchange for the State’s agreement to forego its right to prosecute him as a multiple offender. Accordingly, this claim raised by defendant has no merit.
*1082 Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and our independent review of the record supports counsel’s assertion, appellate counsel’s motion to withdraw as attorney of record is granted.
We have reviewed the record for errors patent according to the mandates of La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990), and find none.
Defendant’s sentence and conviction are affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED

. At the same time, defendant pled guilty to one count introducing contraband into a municipal or parish jail (La. R.S. 14:402) and was sentenced to six years with the Department of Corrections, to run concurrent to the sentence in the instant case. Defendant also filed an appeal from that guilty plea and sentence, which was affirmed by this Court. See State v. Modica, 16-604 (La. App. 5 Cir. 02/08/17), 210 So.3d 962.